SEAN P. REIS (SBN 184044)
(sreis@edelson.com)
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124

JAY EDELSON*
(jedelson@edelson.com)
RAFEY S. BALABANIAN*
(rbalabanian@edelson.com)
ARI J. SCHARG*
(ascharg@edelson.com)
CHRISTOPHER L. DORE*
(cdore@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

*Motion for admission pro hac vice to be filed

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| KATIE SZPYRKA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION, a Delaware corporation,<br><br>Defendant. | ) Case No. 12-cv-03088-EJD<br>)<br>) Hon. Edward J. Davila<br>)<br>) **PLAINTIFF'S NOTICE OF**<br>) **MOTION AND MOTION TO**<br>) **CONSOLIDATE AND APPOINT**<br>) **INTERIM LEAD CLASS**<br>) **COUNSEL AND LIAISON CLASS**<br>) **COUNSEL; MEMORANDUM OF**<br>) **POINTS AND AUTHORITIES IN**<br>) **SUPPORT OF MOTION**<br>)<br>) **Date: August 31, 2012**<br>) **Time: 9:00 a.m.**<br>) **Courtroom 4, 5th Floor** |

CANDYCE PARAGGUA, individually and on behalf of all others similarly situated,

                Plaintiff,

v.

LINKEDIN CORPORATION, a Delaware corporation,

                Defendant.

                  )
)
)
)
)
)
)
)
)
)
)
)
)
)

SCOTT SHEPHERD, on behalf of himself and all others similarly situated,

                Plaintiff,

v.

LINKEDIN CORPORATION, a Delaware corporation,

                Defendant.

SAM VEITH, on behalf of himself and all others similarly situated,

                Plaintiff,

v.

LINKEDIN CORPORATION, a Delaware corporation,

                Defendant.

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 31, 2012 at 9:00 a.m., or as soon thereafter as this matter may be heard, Plaintiffs Katie Szpyrka, Candyce Paraggua, Scott Shepherd, and Sam Veith will appear through counsel before the Honorable Edward J. Davila, or any judge sitting in his stead, in Courtroom 4, 5th Floor of the United States District Court for the Northern District of California, San Jose Division, located at San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, and then and there move the Court for an order consolidating *Szpyrka v. LinkedIn Corp.*, No. 12-cv-3088 (N.D. Cal.), *Paraggua v. LinkedIn Corp.*, No. 12-cv-3430 (N.D. Cal.), *Shepherd v. LinkedIn Corp.*, No. 12-cv-3422 (N.D. Cal.), and *Veith v. LinkedIn Corp.*, No. 12-cv-3557 (N.D. Cal.). This request is brought because the actions seek to include the same people, are against the same defendant, and have nearly identical factual allegations and legal claims. Plaintiffs will also move to appoint Jay Edelson ("Edelson") of Edelson McGuire, LLC ("Edelson McGuire") as interim lead class counsel and Laurence King ("King") of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as liaison class counsel.

Edelson meets all of the requirements for appointing lead counsel under Rule 23(g). Edelson and his firm have conducted an extensive factual investigation into Defendant LinkedIn Corp.'s alleged unlawful conduct and is responsible for shaping the central claims driving these cases. They have notable experience leading major complex class actions, and the firm is one of the premier law firms in the country in terms of experience litigating consumer privacy and technology class actions. With his commitment of significant resources towards the successful prosecution of these cases, proven track record in litigating privacy and technology class actions across the country, and ability to work cooperatively with the other Plaintiffs' attorneys in these cases, each of the Plaintiffs' attorneys agree that the appointment of Jay Edelson of Edelson McGuire as interim lead class counsel is in the best interests of the putative class.

1    Furthermore, King is an ideal candidate for appointment as liaison counsel for this

2    matter. King is a respected attorney with experience in class actions and has conducted a

3    significant factual investigation into Defendant's alleged unlawful conduct. The Kaplan Fox

4    firm, of which King is a member, is one of the preeminent class action firms in the United

5    States, and has obtained substantial recoveries in the fields in which it practices, including

6    consumer class actions.

7    This motion is based upon this Notice, the Memorandum of Points and Authorities

8    filed concurrently herewith, the Declaration of Jay Edelson, and the record in these cases,

9    along with any oral argument that may be presented to the Court and any evidence submitted

10   in connection therewith.

                                         Respectfully Submitted,

11

12   Dated: July 16, 2012                **KATIE SZPYRKA,** individually and on behalf
                                         of all others similarly situated,

13

                                         By: /s/ Sean P. Reis
14                                             One of Plaintiff's Attorneys

15   SEAN P. REIS (SBN 184044)
16   (sreis@edelson.com)
     EDELSON MCGUIRE LLP
17   30021 Tomas Street, Suite 300
     Rancho Santa Margarita, California 92688
18   Telephone: (949) 459-2124

19   JAY EDELSON*
20   (jedelson@edelson.com)
     RAFEY S. BALABANIAN*
21   (rbalabanian@edelson.com)
     ARI J. SCHARG*
22   (ascharg@edelson.com)
     CHRISTOPHER L. DORE*
23   (cdore@edelson.com)
     EDELSON MCGUIRE LLC
24   350 North LaSalle Street, Suite 1300
     Chicago, Illinois 60654
25   Telephone: (312) 589-6370
     Fax: (312) 589-6378
26

27

28

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................1

II.   FACTUAL BACKGROUND ................................................................2

III.  ARGUMENT ......................................................................................3

      A.    This Court Should Consolidate the Four Related Actions ................3

      B.    This Court Should Appoint Jay Edelson of Edelson McGuire as
            Interim Class Counsel and Laurence King of Kaplan Fox as
            Interim Liaison Counsel ...................................................................4

            1.    The Court Should Appoint Jay Edelson of Edelson McGuire as
                  Interim Lead Class Counsel Because He Meets and Exceeds the
                  Requirements of Rule 23(g)(1)(A).........................................5

                  a.    *Edelson McGuire Has Expended Considerable Time
                        and Effort Investigating the Claims and was the
                        First to File a Lawsuit* ...................................................5

                  b.    *Jay Edelson Has Superior Experience Handling Class
                        Actions and Complex Litigation Generally and Claims
                        Alleging Violations of Consumer Protection in Particular* ............6

                  c.    *Jay Edelson Has A Superior Knowledge of the Applicable
                        Law*....................................................................................8

                  d.    *Jay Edelson Has Already Devoted, and Will Continue
                        to Devote, Significant Resources to the Litigation*..........................8

            2.    This Court Should Appoint Laurence King of Kaplan Fox &
                  Kilsheimer LLP as Interim Liaison Class Counsel....................9

            3.    In Addition to the Rule 23(g)(1)(A) Factors, Other Considerations—
                  Including Counsels' "Private-Ordering"—Demonstrate that Jay
                  Edelson is the Best Choice for Interim Lead Counsel and Laurence
                  King is the Best Choice for Interim Liaison Counsel ...............10

IV.   CONCLUSION .................................................................................12

# TABLE OF AUTHORITIES

**United States Supreme Court Cases:**

*United Mine Workers of Am. v. Gibbs,* 383 U.S. 715 (1966) ........................................3

**United States Appellate Court Cases:**

*EEOC v. HBE Corp.*, 135 F.3d 543 (8th Cir. 1998) ....................................................3

*Huene v. U.S.*, 743 F.2d 703 (9th Cir. 1984) .............................................................3

**United States District Court Cases:**

*Berry v. Mega Brands Inc*., No. 08-CV-1750 (D.N.J.)................................................10

*Bowman v. Legato Sys., Inc.*, 195 F.R.D. 655 (N.D. Cal. 2000) ................................3

*Four In One Co., Inc. v. SK Foods, L.P.*, Nos. 08-cv-03017, 09-cv-00027,
    08-cv-03074, 09-cv-00442, 2009 WL 747160 (E.D. Cal. Mar. 20, 2009) ...............11

*In re Baycol Products Litig.,* MDL No. 1431(D. Minn.)............................................10

*In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*,
    MDL No. 1674, 2011 WL 4382942 (W.D. Pa. Sept. 20, 2011) .............................11

*In re Crude Oil Commodity Futures Litig.*,
    No. 11-cv-3600, 2012 WL 569195 (S.D.N.Y. Feb. 14, 2012) ...............................11

*In re Facebook Privacy Litig.*,
    No. 5:10-cv-02389-JW (N.D. Cal. Dec. 10, 2010) ......................................1, 7

*In re Facebook Privacy Litig.*, Nos. 10-c-02389-JW,
    10-c-05301-BZ, 2010 WL 5387616 (N.D. Cal. Dec. 21, 2010)................................3

*In re Neflix Privacy Litig.*, No. 11-00379 (N.D. Cal. Aug. 12, 2011) .........................6

*In re Pet Food Prod. Liab. Litig.*,
    MDL Dkt. No. 1850, No. 07-2867 (NLH) (D.N.J. Nov. 18, 2008)............................6

*In re Pre-Filled Propane Tank Mktg. and Sales Practices Litig.*,
    No. 4:09-md-2086 (W.D. Mo.).................................................................10

*In re Providian Credit Card Cases*, JCCP 4085 (Cal. Super. Ct., S.F. Cty) ...............10

*In re Thomas Trains Paint Litig.*, Lead Case No. 07c3514 (N.D. Ill.) .........................10

*Kaminske v. JP Morgan Chase Bank N.A.*, Nos. SACV 09-00918,
    CV 09-6352, 2011 WL 521338 (C.D. Cal. Jan. 3, 2011) ...................................................3

*Perez-Funez v. District Director, I.N.S.*, 611 F. Supp. 990 (C.D. Cal. 1984) .................................3

*Syran v. LexisNexis Group,* No. 05 cv 0909 (S.D. Cal.)..................................................................10

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129 (C.D. Cal. 1999).....................................3

*Weisz v. Calpine Corp.*,
    No. 4:02-cv-1200, 2002 WL 32818827  (N.D. Cal. Aug. 19, 2002).................................3

**Statutory Proscriptions:**

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ...................................................................................2, 4

Cal. Civ. Code §§ 1750, *et seq.*...............................................................................................2-3, 4

Fed. R. Civ. P. 23(g) ......................................................................................................1, 4-6, 8-12

Fed. R. Civ. P. 42(a) .............................................................................................................3-4, 12

**Secondary Authorities:**

MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) ....................................................................11

Report of the Third Circuit Task Force, Selection of Class Counsel,
    208 F.R.D. 340 (2002)........................................................................................................11

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO CONSOLIDATE AND APPOINT
INTERIM LEAD CLASS COUNSEL AND LIAISON CLASS COUNSEL**

## I.   INTRODUCTION

Plaintiffs Katie Szpyrka ("Szpyrka"), Candyce Paraggua ("Paraggua"), Scott Shepherd ("Shepherd"), and Sam Veith ("Veith") (collectively, "Plaintiffs") and the law firms of Edelson McGuire, LLC ("Edelson McGuire" or "the Firm"), Siprut PC, Marovitch Law Firm, LLC, Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), and Parisi & Havens LLP move this Court for an order consolidating their individual actions into *Szpyrka v. LinkedIn Corp.*, Case No. 12-cv-3088 (N.D. Cal.), as all of the above-mentioned cases involve nearly identical class members, legal theories, and factual scenarios. Further, all related actions are brought against the same defendant—LinkedIn Corporation ("LinkedIn" or "Defendant").

In addition, Plaintiffs move to appoint Jay Edelson ("Edelson") of Edelson McGuire as interim lead class counsel and Laurence King ("King") of Kaplan Fox as interim liaison class counsel. Edelson and the lawyers at Edelson McGuire have been appointed class counsel in some of the largest consumer privacy class actions in the country and have been recognized as "pioneers in the electronic privacy class action field."[1] Additionally, King and the Kaplan Fox law firm are also well recognized class action and consumer protection attorneys, and with their home office located in San Francisco, California, are particularly suited to serve as interim liaison class counsel.

Further, Edelson and his firm investigated the claims, filed the first case, and have committed and will continue to commit significant resources towards the successful prosecution of these cases. In short, Edelson and his firm, along with King and his firm, meet and exceed the Rule 23(g) requirements. As they have the full support of the other Plaintiffs who filed against LinkedIn, the Court should appoint Edelson and King as interim lead and liaison class counsel, respectively.

For these reasons, and in the interests of cooperation, efficiency and, most importantly,

---

[1]      *In re Facebook Privacy Litig.*, No. 5:10-cv-02389-JW, at 5 (N.D. Cal. Dec. 10, 2010).

1  protecting the rights of the persons who were harmed by Defendant's unlawful conduct,

2  Plaintiffs request that the Court consolidate the related cases of *Szpyrka v. LinkedIn Corp.*, No.

3  12-cv-3088 (N.D. Cal.), *Paraggua v. LinkedIn Corp.*, No. 12-cv-3430 (N.D. Cal.), *Shepherd v.*

4  *LinkedIn Corp.*, No. 12-cv-3422 (N.D. Cal.), and *Veith v. LinkedIn Corp.*, No. 12-cv-3557 (N.D.

5  Cal.), and appoint Jay Edelson of Edelson McGuire as interim lead class counsel and Laurence

6  King of Kaplan Fox & Kilsheimer as interim liaison class counsel.

7  **II.    FACTUAL BACKGROUND**

8          Plaintiffs Szpyrka, Paraggua, Shepherd, and Veith bring their actions on behalf of

9  themselves and all others similarly situated against LinkedIn for its failure to properly safeguard

10 its users' electronically-stored personally identifiable information ("PII"), including e-mail

11 addresses, passwords, and login credentials. (*See* Dkt. No. 1 ["Szpyrka Compl."] at ¶ 1; *see also*

12 the *Paraggua*, *Shepherd*, and *Veith* Complaints, attached hereto as Group Exhibit 1.)

13         LinkedIn owns and operates www.LinkedIn.com, a social networking website that has

14 more than 120 million users. (Szpyrka Compl. ¶ 2.) Through its privacy policy, LinkedIn

15 promises users that "[a]ll information that [they] provide [to LinkedIn] will be *protected with*

16 *industry standard protocols and technology.*" (*Id.* ¶ 3) (emphasis added.) However, LinkedIn

17 failed to live up to its promise. While industry standards dictate that electronically-stored

18 passwords must be "hashed" and "salted" to sufficiently encrypt them, LinkedIn failed to do

19 either, thereby drastically decreasing the level of protection it promised its users. (*Id.* ¶¶ 16, 17.)

20 As a result of LinkedIn's failure to adhere to industry standard protocols and technology, hackers

21 were able to access LinkedIn's servers, acquire approximately 6.5 million user passwords, and

22 post them on the internet. (*Id.* ¶¶ 4, 25.)

23         Plaintiffs seek to represent a class comprised of all users who have registered with

24 LinkedIn on or before June 6, 2012. All actions include claims for violations of the Unfair

25 Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), the California Legal Remedies Act

26 (Cal. Civ. Code §§ 1750, *et seq.*), and breach of contract.

27

28

1    Plaintiffs Szpyrka, Paraggua, Shepherd, and Veith now move for consolidation of the

2  related cases and for appointment of interim lead class counsel and liaison class counsel. For the

3  reasons set forth below, the related cases should be consolidated pursuant to Fed. R. Civ. P.

4  42(a)(2). In addition, the movants respectfully request that the Court appoint Jay Edelson of

5  Edelson McGuire as interim lead class counsel and Laurence King of Kaplan Fox as interim

6  liaison class counsel.

7  **III.    ARGUMENT**

8      **A.    This Court Should Consolidate the Four Related Actions.**

9          Pursuant to Fed. R. Civ. P. 42(a), cases should be consolidated where they involve

10  common questions of law or fact.[2] The decision to consolidate actions is within the broad

11  discretion of the court, "although, typically, consolidation is favored." *Perez-Funez v. Dist. Dir.,*

12  *I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) (citations omitted). In fact, "Rule 42(a)

13  encourages entertaining the broadest possible scope of action consistent with fairness to the

14  parties and the consolidation of claims, parties and remedies is strongly encouraged." *Kaminske*

15  *v. JP Morgan Chase Bank N.A.*, Nos. SACV 09-00918, CV 09-6352, 2011 WL 521338, at *2

16  (C.D. Cal. Jan. 3, 2011) (*citing United Mine Workers of Am. v. Gibbs,* 383 U.S. 715 (1966)).

17          Consolidation is appropriate when litigation of the individual actions would create

18  unnecessary expense and delay. *Weisz v. Calpine Corp.*, No. 4:02-cv-1200, 2002 WL 32818827,

19  at *2 (N.D. Cal. Aug. 19, 2002) (*citing EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998));

20  *Bowman v. Legato Sys., Inc.*, 195 F.R.D. 655, 657 (N.D. Cal. 2000). Thus, the court balances the

21  possible efficiency against the inconvenience, expense and prejudice consolidation would cause.

22  *In re Facebook Privacy Litig.*, Nos. 10-c-02389-JW, 10-c-05301-BZ, 2010 WL 5387616, *1

23  (N.D. Cal. Dec. 21, 2010) (*citing Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984)).

24          The *Szpyrka*, *Paraggua*, *Shepherd*, and *Veith* actions involve substantially similar factual

25

---

26    [2]    Though consolidation requires related actions to have commons questions of law or fact,
     it does not require actions to be identical. *Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129,
27  1133 (C.D. Cal. 1999).

28

and legal issues such that consolidation would serve the interests of judicial economy. Questions

of law and fact that are common to the four actions include, but are not limited to:

(a)     Whether all plaintiffs registered with LinkedIn on or before June 6, 2012;

(b)     Whether LinkedIn failed to protect users' PII by using  industry standard protocols and technology;

(c)     Whether LinkedIn utilized "salting" and/or "hashing" techniques to protect its users' passwords;

(d)     Whether unauthorized third parties obtained Plaintiffs' passwords;

(e)     Whether LinkedIn's conduct constitutes a violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);

(f)     Whether LinkedIn's conduct constitutes a violation of the California Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*); and

(g)     Whether LinkedIn's conduct constitutes a breach of contract.

Because of the common issues inherent in all four actions, the Court should consolidate the actions pursuant to Fed. R. Civ. P. 42(a) and grant Plaintiffs leave to file a consolidated complaint. The consolidation of these actions will promote efficiency of the claims and prevent the unnecessary costs and delays associated with the individual prosecutions of four substantially similar actions, as any motions directed to the pleadings will be heard on a single hearing date set by the Court and will relate to only one set of pleadings. Such procedures will also simplify the presentation of any issues raised by Defendant concerning the sufficiency of the complaint. Consolidation of the related actions will therefore assist the Court by providing for the orderly, cost effective, and timely prosecution of the related actions.

### B.     This Court Should Appoint Jay Edelson of Edelson McGuire as Interim Class Counsel and Laurence King of Kaplan Fox as Interim Liaison Counsel.

As explained below, Edelson meets the requirements for appointing lead counsel under Rule 23(g). Edelson and his firm conducted an extensive factual investigation into LinkedIn's data protection protocols, password encryption techniques, and the events surrounding the unauthorized access to its users' personal passwords, including their publication through the

Internet, and filed suit within days of the alleged misconduct. When Edelson discovered that other law firms had filed similar lawsuits, he took the lead in trying to consolidate the actions and create a leadership structure. Edelson also has a substantial reputation litigating privacy and technology-based claims and notable experience in leading major complex class actions. Thus, Edelson offers a superior understanding of how to effectively and efficiently litigate these cases.

In addition, both Edelson McGuire and Kaplan Fox have devoted, and are committed to devoting, significant resources to the successful prosecution of these cases. The two firms have also shown an ability to work cooperatively with and gain the respect of both opposing counsel and other Plaintiffs' counsel. Standing alone, these facts more than satisfy Rule 23(g)(1)'s considerations for appointing lead counsel and demonstrate that Edelson's appointment as interim lead class counsel is in the best interests of the putative class. In addition, King's involvement in the related actions and experience with class actions warrant his appointment as interim liaison class counsel. Finally, all counsel for the related actions have agreed that Jay Edelson of Edelson McGuire should be appointed as interim lead class counsel and that Laurence King of Kaplan Fox should be appointed as interim liaison class counsel.

       1.     **This Court Should Appoint Jay Edelson of Edelson McGuire as Interim Lead Class Counsel Because He Meets and Exceeds the Requirements of Rule 23(g)(1)(A).**

Edelson meets and exceeds each of the factors set forth under Rule 23(g)(1)(A)(i) – (iv) for selecting lead counsel. Edelson and his firm defined the central claims and conducted an extensive investigation into these cases; they have an extensive history of successfully leading similar actions and offer a particularized understanding of the issues attendant with this litigation; and they have pledged to commit significant resources to the continued prosecution of the cases. Thus, Edelson should be appointed interim lead class counsel.

       a.     *Edelson McGuire Has Expended Considerable Time and Effort Investigating the Claims and was the First to File a Lawsuit.*

Edelson was the first to identify and file the claims alleged against LinkedIn concerning its substandard data protection practices and protocols. That Edelson was the first to identify the

1    alleged claims was no accident: Edelson McGuire has an entire practice area devoted to

2    information technology class actions. (*See* Declaration of Jay Edelson ("Edelson Decl.") ¶ 3, a

3    true and accurate copy of which is attached hereto as Exhibit 2.) The Firm's focus on these issues

4    directly led to an in-depth investigation and analysis of the claims now before the Court.

5    (Edelson Decl. ¶ 4.) The Firm's investigation to date includes conducting numerous interviews

6    of LinkedIn users, engaging in discussions with data security and technology experts and

7    exchanging information with LinkedIn's attorneys to ensure that the threat posed by LinkedIn's

8    malfeasance has been abated. (*Id*.) Edelson's efforts culminated in the original drafting and filing

9    of the *Szpyrka* Complaint, which was filed on June 15, 2012.

10        Accordingly, Edelson has expended substantial effort in investigating and bringing these

11   claims before the Court, and he fully meets and exceeds the requirements of Rule 23(g)(1)(A)(i).

12                        b.    *Jay Edelson Has Superior Experience Handling Class Actions and*
                               *Complex Litigation Generally and Claims Alleging Violations of*
13                             *Consumer Protection in Particular.*

14        Rule 23(g)(1)(A)'s second factor examines proposed lead counsel's experience in

15   handling class actions, other complex litigation and claims of the type asserted in the action. In

16   this respect, Edelson stands out—his practice is focused largely on privacy and technology class

17   actions. (Edelson Decl. ¶ 3.) As this Court has noted in appointing Edelson interim lead class

18   counsel in the case *In re Netflix Privacy Litig*., No. 11-00379 (N.D. Cal. Aug. 12, 2011), Edelson

19   McGuire has a "significant and particularly specialized expertise in electronic privacy litigation

20   and class actions." (*See* Firm Resume of Edelson McGuire, LLC ("Firm Resume"), a true and

21   accurate copy of which is attached hereto as Exhibit 2-A, at 1). Moreover, in the case *In re Pet*

22   *Food Prod. Liab. Litig*., MDL Dkt. No. 1850, No. 07-2867 (NLH) (D.N.J. Nov. 18, 2008), the

23   court found that Edelson's firm has an "extensive histor[y] of experience in complex class action

24   litigation, and [is a] well-respected law firm[] in the plaintiffs' class action bar.") (*See* Firm

25   Resume at 1.) As one leading arbitrator explained: "The proof of [the Firm's] experience,

26   reputation, and abilities is extraordinary . . . Each [of their cases] elaborates on the experience

27

28

1  and unique success [they] have had in achieving leading roles in the area of 'technology

2  consumer protection class actions.'" (*Id.* (*citing* Arbitration award in mobile content class action

3  settlement, Aug. 6, 2009).)

4        Specific to the issues before the Court, Edelson McGuire is one of the few firms in the

5  country with significant experience litigating privacy claims of this nature. Edelson McGuire has

6  been at the forefront of technology and privacy class actions generally, successfully prosecuting

7  cases against companies such as Microsoft, Facebook, Zynga, AT&T, T-Mobile, and Sears. (*See*

8  Firm Resume at 2-4.) Indeed, as United States District Judge James Ware concluded in

9  appointing Edelson McGuire co-lead counsel in the matter *In re Facebook Privacy Litig.*, No.

10  5:10-cv-02389-JW, at 5 (N.D. Cal. Dec. 10, 2010), courts have consistently recognized the firm

11  and its attorneys as "pioneers in the electronic privacy class action field, having litigated some of

12  the largest consumer class actions in the country on this issue." (Firm Resume at 1.)

13        For his part, Edelson is the Firm's managing partner and has been appointed lead counsel

14  in numerous state, federal, and international class actions, resulting in the recovery of hundreds

15  of millions of dollars for the Firm's clients. (*Id.* at 7-8.) He is regularly asked to weigh in on

16  federal and state legislation involving his cases, including testifying to the U.S. Senate and

17  advising state and federal politicians on consumer issues relating to the recent federal bailouts

18  and consumer technology, such as those involving mobile marketing and privacy matters. (*Id.* at

19  7.) Edelson has also worked cooperatively with several state attorneys general offices and

20  members of Congress on consumer privacy issues and has repeatedly been asked to work on

21  federal and state legislation involving cellular telephony and with state agencies such as the

22  California Public Utilities Commission. He regularly speaks about technology class actions and

23  co-chairs a national symposium on class actions. (Firm Resume at 8.) Edelson has also served as

24  an adjunct professor of class actions at Chicago-Kent College of Law, Illinois Institute of

25  Technology. (*Id.*)

26        In sum, Edelson and his firm have the necessary experience handling class actions, other

27

28

complex litigation, and claims of the type asserted in these cases. He thus meets and exceeds the requirements of Rule 23(g)(1)(A)(ii).

       *c.*  *Jay Edelson Has A Superior Knowledge of the Applicable Law.*

   The third factor courts consider under Rule 23(g)(1)(A) is the proposed lawyer's knowledge of the applicable law. As explained above, Edelson and his firm have had significant experience prosecuting consumer technology and privacy claims of this nature on a class-wide basis. This experience ensures that Edelson possesses superior knowledge of the underlying law.

   Edelson's firm employs attorneys who are among the country's preeminent eDiscovery practitioners, a skill set that will undoubtedly be critical to successfully litigating these matters insofar as the cases involve the electronic maintenance of consumer data. (Firm Resume at 7.) Of Counsel for Edelson McGuire is Steven Teppler ("Teppler"), who is leading the eDiscovery efforts in this litigation and serves on the Seventh Circuit's eDiscovery Committee and as Co-Vice-Chair of the American Bar Association Information Security Committee. (*Id.* at 10.) Teppler is a founding member of the Information Assurance Consortium, and he co-authored the ANSI X9F4 trusted timestamp guidelines standards for the financial industry, among various other publications. Teppler is also the Co-Vice Chair of the Florida Bar Professional Ethics Committee, and he contributed to Advisory Opinion 06-02 (Metadata Mining) and to Advisory Opinion 07-2 (Off-Shoring). (*Id.* at 11.) Given that experience, in May 2010, Teppler and Edelson McGuire co-hosted the Electronic Discovery and Digital Evidence Practitioners' Workshop in Chicago, Illinois.

   Accordingly, the third factor under Rule 23(g)(1)(A) also weighs in favor of Edelson's appointment because his firm's attorneys are well versed in the factual, legal and technological issues at hand in these cases.

       *d.*  *Jay Edelson Has Already Devoted, and Will Continue to Devote, Significant Resources to the Litigation.*

   Rounding out the requirements of Rule 23(g)(1)(A), Edelson has devoted, and will continue to devote, significant resources to the successful prosecution of these cases in all phases

of litigation through trial. (Edelson Decl. ¶ 5.) As importantly, the Firm has the necessary

experience required to strategically implement those resources in an efficient manner,

maximizing the likelihood of success for the class. (Edelson Decl. ¶ 5.) Edelson's and his firm's

expenditure of resources so far includes time spent evaluating the facts giving rise to the claims

asserted, as well as those that present potential hurdles to recovery. (Edelson Decl. ¶ 6.) In

addition to their continued factual investigation, Edelson McGuire's attorneys have done

significant research into the defenses that LinkedIn is likely to raise and are therefore responsible

for shaping the contours of the claims asserted in these cases. (Edelson Decl. ¶ 7.)

Further, since the filing of Plaintiff Szpyrka's lawsuit, Edelson has engaged counsel for

LinkedIn to ensure that LinkedIn has taken steps to protect its users' privacy in light of its recent

data breach and to discuss the Parties' respective views of the relevant facts, law, and overall

direction of the litigation. (Edelson Decl. ¶ 8.) Edelson has also taken the lead in immediately

communicating with the other Plaintiffs' counsel regarding consolidation, litigation strategy, and

cooperation. (Edelson Decl. ¶ 9.)

Thus, it is undeniable that Edelson and his firm have already performed the bulk of the

labor in these cases and are prepared to devote whatever additional resources are necessary to

bring these cases to a successful resolution. As a result, this Court should find that Edelson and

his firm meet the fourth and final factor of Rule 23(g)(1)(A).

> 2.    This Court Should Appoint Laurence King of Kaplan Fox & Kilsheimer
>        LLP as Interim Liaison Class Counsel.

Laurence King of Kaplan Fox, an experienced class action litigator who offices in this

District, is ideally suited to serve as liaison counsel in this action.

His firm, Kaplan Fox, is one of the nation's preeminent law firms concentrating its

practice on the representation of plaintiffs in complex and class action litigation.  Kaplan Fox

attorneys regularly obtain some of the largest recoveries in the fields in which they practice,

which include consumer protection, product liability, securities and antitrust litigation.  As set

forth below, Kaplan Fox has the experience and demonstrated success in complex litigation of this nature to serve in a leadership capacity here.

Kaplan Fox was co-counsel for plaintiffs in one of the early data breach class actions litigated in federal court, *Syran v. LexisNexis Group,* No. 05 cv 0909 (S.D. Cal.).  As part of a classwide settlement, affected consumers received compensation for time and out-of-pocket expenses resulting from the data breach, as well as injunctive relief.

In addition, King and Kaplan Fox have served or currently serve in leadership roles in a number of other consumer class actions which were successfully resolved or where settlements are pending final approval.  *E.g., In re Thomas Trains Paint Litig.*, Lead Case No. 07c3514 (N.D. Ill.)($30 million settlement obtained); *In re Baycol Products Litig.,* MDL No. 1431(D. Minn.)(more than $350 million in settlements obtained); *In re Providian Credit Card Cases*, JCCP 4085 (Cal. Super. Ct., S.F. Cty)($105 million settlement and significant injunctive relief obtained); *In re Pre-Filled Propane Tank Mktg. and Sales Practices Litig.,* No. 4:09-md-2086 (W.D. Mo.)(settlements obtained where consumers will receive substantially in excess of actual damages and significant injunctive relief); *Berry v. Mega Brands Inc*., No. 08-CV-1750 (D.N.J.) (classwide settlement obtained where consumers will receive full refunds for defective products); *see also* Firm Resume of Kaplan Fox & Kilsheimer LLP, a true and accurate copy of which is attached hereto as Exhibit 3.

In sum, Laurence King is amply qualified to serve as liaison counsel in this litigation.

3.       In Addition to the Rule 23(g)(1)(A) Factors, Other Considerations— Including Counsels' "Private-Ordering"—Demonstrate that Jay Edelson is the Best Choice for Interim Lead Counsel and Laurence King is the Best Choice for Interim Liaison Counsel.

Because Edelson and his firm satisfy each of the Rule 23(g)(1)(A) factors, the analysis could end here. Going beyond the Rule 23(g)(1)(A) factors, however, Rule 23(g)(1)(B) instructs courts to consider any other matter pertinent to determining proposed counsel's ability to fairly and adequately protect the interests of the class. In this case, the Court should also consider the unanimous support that Edelson has received from the other Plaintiffs' attorneys for appointment

1    as interim lead counsel. As numerous courts have recognized, "[t]he most common means of

2    selecting class counsel is the so-called 'private ordering' approach whereby involved counsel

3    jointly come to a representational consensus and submit their recommendation in that regard to

4    the court for approval." *Four In One Co., Inc. v. SK Foods, L.P.*, Nos. 08-cv-03017, 09-cv-

5    00027, 08-cv-03074, 09-cv-00442, 2009 WL 747160, *2 (E.D. Cal. Mar. 20, 2009) (*citing*

6    MANUAL FOR COMPLEX LITIGATION § 21.272 (4th ed. 2004)); *see also In re Crude Oil*

7    *Commodity Futures Litig.*, No. 11-cv-3600, 2012 WL 569195, *2 (S.D.N.Y. Feb. 14, 2012)

8    (recognizing that courts "give[] some weight to plaintiffs' 'self selection' of class counsel."); *In*

9    *re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, MDL No. 1674, 2011 WL 4382942, *2

10   (W.D. Pa. Sept. 20, 2011) (noting that "private ordering" is the "preferred" and "well-

11   established" approach) (*citing* Report of the Third Circuit Task Force, Selection of Class

12   Counsel, 208 F.R.D. 340, 416 (2002)). Thus, self ordering—as has happened here—is

13   encouraged. *Four in One Co., Inc.*, 2009 WL 747160, at *2.

14        Edelson has taken great efforts to litigate these cases in an efficient and cooperative

15   manner, and towards that end, has spearheaded the efforts to organize a leadership structure for

16   these cases. Notably, the four other Plaintiffs' firms prosecuting the three related actions are

17   supporting Edelson's petition for interim lead counsel. Thus, all counsel have come to the

18   consensus that Edelson should be appointed interim lead class counsel and King should be

19   appointed interim liaison class counsel based on their experience in the field and dedication to

20   the actions. (Edelson Decl. ¶ 10.) And not only have all counsel agreed to this leadership

21   structure, but all counsel are currently working together to promote the most efficient method of

22   adjudicating these claims.

23         Ultimately, it is Edelson's and King's proactive and cooperative approach that will best

24   serve this litigation and help shepherd the cases to a successful resolution for the putative class.

25   This is the type of leadership that lawyers and firms seeking Rule 23(g) appointment should

26   demonstrate. Because Edelson and all other Plaintiffs voluntarily participated in the ordering

27

28

structure and such agreements are encouraged and preferred by courts, this Court should appoint Edelson of Edelson McGuire as interim lead class counsel and King of Kaplan Fox as interim liaison class counsel.

## IV.   CONCLUSION

Because of the substantial similarities between the related actions, this Court should consolidate the cases pursuant to Fed. R. Civ. P. 42(a), as consolidation would promote efficiency and avoid unnecessary expense. In addition, Jay Edelson of Edelson McGuire has demonstrated that he is best equipped to serve as lead counsel in this litigation—he understands the relevant factual and legal issues presented in these cases, and he has the resources and experience to see them through to a successful and efficient resolution. Each of the factors under Rule 23(g)(1)(A) and the other pertinent matters of Rule 23(g)(1)(B) militate in favor of Edelson's appointment. In addition, Laurence King's dedication to and cooperation in this matter warrant his approval as interim liaison class counsel.

For the foregoing reasons, Plaintiffs Katie Szpyrka, Candyce Paraggua, Scott Shepherd, and Sam Veith, individually and on behalf of all others similarly situated, respectfully request that the Court appoint Jay Edelson of Edelson McGuire as interim lead class counsel on behalf of all plaintiffs and the putative class, and requests that the Court appoint Laurence King of Kaplan Fox as interim liaison class counsel. This Motion is joined by all Plaintiffs' counsel listed below, each of whom has agreed to the attachment of his electronic signature to this Motion.

Respectfully submitted,

Dated: July 16, 2012                **KATIE SZPYRKA**, individually and on behalf of
                                                    all others similarly situated,

                                                    By: _____/s/ Sean P. Reis_____
                                                              One of Plaintiff's Attorneys

                                                    (signatures of additional Plaintiffs'
                                                    Counsel appear on following page)

1   SEAN P. REIS (SBN 184044)
    (sreis@edelson.com)
2   EDELSON MCGUIRE LLP
    30021 Tomas Street, Suite 300
3   Rancho Santa Margarita, California 92688
    Telephone: (949) 459-2124
4
5   JAY EDELSON*
    (jedelson@edelson.com)
6   RAFEY S. BALABANIAN*
    (rbalabanian@edelson.com)
7   ARI J. SCHARG*
    (ascharg@edelson.com)
8   CHRISTOPHER L. DORE*
    (cdore@edelson.com)
9   EDELSON MCGUIRE LLC
    350 North LaSalle Street, Suite 1300
10  Chicago, Illinois 60654
    Telephone: (312) 589-6370
11  Fax: (312) 589-6378
12
13
14  By:____/s/ Laurence D. King_____        By:___/s/ David C. Parisi_____

15      Laurence D. King                          David C. Parisi
        Kaplan Fox & Kilsheimer LLP               Parisi & Havens LLP
16      350 Sansome Street, Suite 400             15233 Valleyheart Drive
        San Francisco, CA 94104                   Sherman Oaks, CA 91403
17      (415) 772-4700 (phone)                    (818) 990-1299 (phone)
        (415) 772-4707 (fax)                      (818) 501-7852 (fax)
18      lking@kaplanfox.com                       dcparisi@parisihavens.com
19
        *Attorney for Scott Shepherd*             *Attorney for Sam Veith*
20
21  By:____/s/ Joseph J. Siprut_____        By:___/s/ Dan Marovitch_____

22      Joseph J. Siprut                          Dan Marovitch
        SIPRUT PC                                 MAROVITCH LAW FIRM, LLC
23      122 S. Michigan Ave., Suite 1850          233 S. Wacker Dr., 84th Floor
        Chicago, Illinois 60603                   Chicago, Illinois 60606
24      (312) 588-1440 (phone)                    (312) 533-1605 (phone)
        (312) 427-1850 (fax)                      (312) 488-4206 (fax)
25      jsiprut@siprut.com                        dmarovitch@marovitchlaw.com
26
        *Attorney for Candyce Paraggua*           *Attorney for Candyce Paraggua*
27
28

1

**CERTIFICATE OF SERVICE**

2

I, Sean P. Reis, an attorney, hereby certify that on July 16, 2012, I caused the above

3

***Plaintiff's Notice of Motion and Motion to Consolidate and Appoint Interim Lead Class
Counsel and Liaison Class Counsel; Memorandum of Points and Authorities in Support of
Motion***, by causing true and accurate copies of such documents to be electronically filed and

4

transmitted to counsel of record through the Court's CM/ECF electronic filing system.

5

6

7

/s/ Sean P. Reis

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28