COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
MATTHEW D. BROWN (196972) (brownmd@cooley.com)
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
LINKEDIN CORPORATION

EDELSON MCGUIRE LLP
SEAN P. REIS (184044) (sreis@edelson.com)
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124

EDELSON MCGUIRE LLC
JAY EDELSON* (jedelson@edelson.com)
RAFEY S. BALABANIAN* (rbalabanian@edelson.com)
ARI J. SCHARG* (ascharg@edelson.com)
CHRISTOPHER L. DORE* (cdore@edelson.com)
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

Attorneys for Plaintiff
KATIE SZPYRKA

* Admitted pro hac vice

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATIE SZPYRKA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 12-cv-3088 EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     August 31, 2012<br>Time:     9:00 a.m.<br>Judge:    Hon. Edward J. Davila<br>Dept.:    4, 5th Floor |

Plaintiff Katie Szpyrka and Defendant LinkedIn Corporation (collectively, the "Parties")
submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of
the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1.      JURISDICTION AND SERVICE

Plaintiff alleges that this Court has subject matter jurisdiction over this action under 28
U.S.C. §§ 1331 and 1332(d), and that venue is proper under 28 U.S.C. § 1391(a).  LinkedIn does
not contest service of the Summons and Complaint, and executed a Waiver of the Service of
Summons form.  LinkedIn otherwise reserves all rights, defenses, and arguments.

2.      FACTS

**Plaintiff's Statement**

Plaintiff alleges that Defendant LinkedIn Corporation ("LinkedIn") violated its Privacy
Policy, as well as state and federal laws, by failing to adequately protect its users' digitally-stored
personally identifiable information ("PII")—including their e-mail addresses, passwords and
login credentials. Consequently, in early 2012, a third party circumvented LinkedIn's substandard
security protocols using a well-known and easily preventable method of intrusion, and infiltrated
the database containing its users' highly sensitive PII. Because of LinkedIn's failure to properly
secure its servers and databases, over 6 million of its users' PII was exposed, copied, removed,
and subsequently made publicly available on the Internet. Plaintiff is a registered LinkedIn user
and has paid LinkedIn approximately $25.00 per month since 2010 for, among other things, to
protect and secure her PII using "industry standard protocols and technology," as promised by
LinkedIn through its Privacy Policy. Plaintiff has brought the instant lawsuit on her own behalf
and on behalf of a putative class of LinkedIn users.

**LinkedIn's Statement**

LinkedIn operates the website www.LinkedIn.com, which provides an online community
for professional networking.  LinkedIn currently has over 175 million members around the world.
To join, members register for an account and, among other actions, they agree to the LinkedIn

User Agreement and Privacy Policy.  Once registered, a member logs into his or her account by entering an email address the member has designated in combination with a password.

LinkedIn takes all matters relating to its members' privacy and security very seriously. LinkedIn employs world-class security experts and has policies and personnel focused on data security.  The LinkedIn Privacy Policy states that the company will secure the personal information provided by members in accordance with industry standards, but also discloses and warns of the risk of security breaches despite the safeguards LinkedIn designs and implements: "However, since the internet is not a 100% secure environment, we cannot ensure or warrant the security of any information you transmit to LinkedIn.  There is no guarantee that information may not be accessed, disclosed, altered, or destroyed by breach of any of our physical, technical, or managerial safeguards."

The allegations in this case concern the posting on a Russian hacker site of approximately 6.5 million stolen LinkedIn passwords.  Contrary to Plaintiff's claims, LinkedIn had a robust, industry-standard security program in place to protect its members' data, including passwords, at all relevant times.  LinkedIn's actions were fully consistent with the Privacy Policy.  Further, from the moment that LinkedIn found out that a criminal theft of passwords had possibly occurred, the company moved quickly and effectively to protect and inform its members.  Among other steps, LinkedIn disabled the passwords of millions of member accounts and emailed these members to protect them from any potential harm.  Finally, Plaintiff has not alleged or suffered any injury resulting from the alleged conduct.  LinkedIn contends that Plaintiff lacks standing to bring this action and, further, that the Complaint fails to state a claim upon which relief can be granted.  LinkedIn disputes the Complaint's allegations, denies any and all liability, and reserves all rights, claims, and defenses available under law.

3.    LEGAL ISSUES

**Plaintiff's Statement**

The legal issues in this case include, but are not limited to:

1.     Whether LinkedIn failed to protect users' PII with industry standard protocols and technology;

2.     Whether storing user e-mails and passwords in partially unencrypted format complied with industry standard protocols and technology;

3.     Whether LinkedIn's conduct violates the Unfair Competition Law (Cal.  Bus.  &  Prof. Code §§ 17200, *et seq.*);

4.     Whether LinkedIn's conduct violates the California Legal Remedies Act   (Cal. Civ. Code §§ 1750, *et seq.*);

5.     Whether LinkedIn's conduct constitutes a breach of contract;

6.     Whether LinkedIn's conduct constitutes breach of the implied covenants of good faith and fair dealing;

7.     Whether LinkedIn's conduct constitutes breach of implied contracts;

8.     Whether LinkedIn's conduct was negligent and/or grossly negligent;

9.     Whether LinkedIn's conduct constitutes negligence *per se*; and

10.     Whether Plaintiff may properly certify a class.

**LinkedIn's Statement**

LinkedIn identifies the following non-exhaustive list of legal issues:

1.     Whether Plaintiff lacks standing under Article III of the United States Constitution;

2.     Whether the Complaint states a claim upon which relief can be granted; and

3.     Whether Plaintiff's putative class can be certified under Rule 23.

**4.    MOTIONS**

a.     Plaintiff has filed four motions to appear pro hac vice and documents related thereto.  (*See* Dkt. Nos. 16, 17, 18, 19, 20, 21, 22, 23.)  The Court granted all four motions to appear pro hac vice on July 30, 2012.  (*See* Dkt. Nos. 25, 26, 27, 28.)

b.     On July 27, 2012, Plaintiff filed an Administrative Motion to Relate Cases Pursuant to L.R. 3-12, seeking to relate the other pending actions in this District—*Shepherd v.*

*LinkedIn Corp.*, Case No. 12-CV-3422 JSC; *Paraggua v. LinkedIn Corp.*, Case No. 12-CV-34300 SC; and *Veith v. LinkedIn Corp.*, Case No. 12-CV-3557 PSG—to this action, which is the first-filed and lowest-numbered action. (Dkt. No. 15.) The motion was supported by a Stipulation signed by all plaintiffs in the four actions as well as LinkedIn, the sole defendant in each of the four actions. This Court granted the motion in a Related Case Order filed on August 22, 2012. (Dkt. No. 38.)

      **c.**      Plaintiffs in the four actions (*Szpyrka v. LinkedIn Corp.*; *Shepherd v. LinkedIn Corp.*; *Paraggua v. LinkedIn Corp.*; and *Veith v. LinkedIn Corp.*) jointly filed a Motion to Consolidate and Motion to Appoint Interim Lead Class Counsel and Liaison Class Counsel on July 16, 2012 ("Motion to Consolidate"), seeking to (1) consolidate the four actions for all purposes; (2) grant plaintiffs leave to file a consolidated amended complaint; (3) appoint interim lead class counsel; and (4) appoint interim liaison class counsel. (Dkt. No. 12.) LinkedIn filed a statement of non-opposition to the Motion to Consolidate on July 30, 2012. (Dkt. No. 24.) The Motion to Consolidate is currently pending with a hearing scheduled for August 31, 2012 at 9:00 a.m.

      **d.**      Plaintiff anticipates filing the following motions: (i) a motion for class certification, and (ii) discovery related motions, if necessary.

      **e.**      LinkedIn anticipates that it may file a motion under Rule 12, or as otherwise provided under the Rules, in response to the consolidated amended complaint or the complaint in this individual action, if the Court were to deny the Motion to Consolidate.

      **f.**      Each Party may also file motions for summary judgment or partial summary judgment, discovery motions as necessary, and pre-trial motions.

**5.**      **AMENDMENT OF PLEADINGS**

      The Parties propose that, if the Court grants the pending Motion to Consolidate, plaintiffs will file a consolidated amended complaint within 21 days after the order granting consolidation.

If the action goes forward after initial motion practice on the sufficiency of the pleadings, LinkedIn believes that any further amendment to the pleadings should be completed within three months of a decision permitting Plaintiff's claims to go forward.

**6.    EVIDENCE PRESERVATION**

The Parties are aware of and taking reasonable steps to comply with their evidence preservation obligations under the Federal Rules of Civil Procedure, including the rules governing electronic discovery.

**7.    DISCLOSURES**

The Parties have agreed to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within 21 days after the filing of a consolidated amended complaint or, if the Court were to deny the Motion to Consolidate, within 21 days after the order denying consolidation.

**8.    DISCOVERY**

No formal discovery has yet occurred in this action.  In light of the pending Motion to Consolidate, the Parties intend not to begin discovery at least until after a consolidated amended complaint is filed or, if the Court were to deny the Motion to Consolidate, after the order denying consolidation.

**a.    Scope of Discovery**

**Plaintiff's Statement**

Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (1) LinkedIn's methods and procedures for collecting its users' PII, (2) LinkedIn's methods and procedures for protecting, securing, and storing its users' PII, (3) the frequency and manner in which LinkedIn "regularly audits its system for possible vulnerabilities and attacks," as indicated by its Privacy Policy, and (4) the circumstances of the data breach that is the subject of this lawsuit, and (4) LinkedIn's user agreements and privacy policies.

**LinkedIn's Statement**

LinkedIn's analysis of Plaintiff's claims and its potential defenses is ongoing.  Presently, LinkedIn anticipates that it will seek discovery on subjects including but not limited to class certification-related issues, Plaintiff's alleged damages, and Plaintiff's knowledge of any user agreements and privacy policies with respect to using LinkedIn.

**b.      Modification of Discovery Rules**

The Parties do not believe that any modifications of the discovery rules are appropriate at this time.

**c.      Bifurcation of Discovery**

LinkedIn believes that discovery should be bifurcated, with discovery relevant to class certification first and discovery that relates solely to the merits of Plaintiff's claims to be conducted only after the Court issues a decision on class certification.  Phased discovery of this sort is contemplated by the federal Manual for Complex Litigation (*see, e.g.*, §§ 21.11, 21.14), which states that allowing full merits discovery before a decision on certification "can create unnecessary and extraordinary expense and burden" (*id.* § 21.14).  Of course, class determination frequently "entail[s] some overlap with the merits of the plaintiff's underlying claim."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Even so, federal courts frequently allow bifurcation in class actions.

Plaintiff does not oppose bifurcation.

**9.      CLASS ACTION**

**Plaintiff's Statement**

Plaintiff provides the following class action information pursuant to L.R. 16-9(b):

a.      Plaintiff will argue that this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) and (b)(3);

b.      Plaintiff brings this action on behalf of the following putative Class and Subclass, defined as follows:

**LinkedIn User Class:**  All individuals and entities in the United States who had a LinkedIn account on or before June 6, 2012.

**Upgraded LinkedIn User Subclass:**  All LinkedIn User Class Members who paid a monthly fee to LinkedIn for an upgraded account.

c.   Plaintiff contends that the following facts alleged in the Complaint demonstrate that this action is maintainable as a class action under Fed. R. Civ. P. 23(b):

**Numerosity:**  While the precise number of Class members is unknown to Plaintiff at this time, Plaintiff estimates that the Class and Subclass consist of approximately 120 million individuals.

**Common Question:** There are numerous common questions of fact and law. The principal factual issues in dispute (Section 2 above) are common to all members of the Class, and predominate over any questions affecting Plaintiff or other individual members of the Class.

**Typicality:**   Plaintiff's claims are typical of those of all of the other members of the Class. All the members of the Class, including Plaintiff, were registered members of LinkedIn and LinkedIn employed the exact same security measures to "protect" their PII.

**Adequacy:**   Plaintiff has no interests adverse or antagonistic to those of the Class and has retained competent and experienced class counsel to prosecute this action.

**Superiority:**  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members of the Class is impracticable. There will be no difficulty in the management of this case as a class action.

Additionally, Plaintiff contends that the Class may be certified because:

(i)   The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant;

(ii)   The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them, which would as a practical matter, be

dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(iii)     Defendant has acted or refused to act on grounds generally applicable to members of the Class, thereby making final declaratory and injunctive relief with respect to the members of the Class a whole appropriate.

d.     Barring substantial delays caused by discovery disputes, Plaintiff anticipates bringing her motion for class certification thirty (30) days after the close of class discovery.

**LinkedIn's Statement**

LinkedIn denies that Plaintiff's putative class may be certified under Rule 23.

**10.     RELATED CASES**

As noted above, this Court issued a Related Case Order, filed on August 22, 2012, in which the Court ruled that three other pending actions in this District—*Shepherd v. LinkedIn Corp.*, Case No. 12-CV-3422 JSC; *Paraggua v. LinkedIn Corp.*, Case No. 12-CV-34300 SC; and *Veith v. LinkedIn Corp.*, Case No. 12-CV-3557 PSG—are related to this action and will be reassigned to this Court.  (Dkt. No. 38.)

As noted above, plaintiffs in the four actions (*Szpyrka v. LinkedIn Corp.*; *Shepherd v. LinkedIn Corp.*; *Paraggua v. LinkedIn Corp.*; and *Veith v. LinkedIn Corp.*) jointly filed a Motion to Consolidate and Motion to Appoint Interim Lead Class Counsel and Liaison Class Counsel on July 16, 2012 ("Motion to Consolidate"), seeking to: (1) consolidate the four actions for all purposes; (2) grant plaintiffs leave to file a consolidated amended complaint; (3) appoint interim lead class counsel; and (4) appoint interim liaison class counsel.  LinkedIn filed a statement of non-opposition to the Motion to Consolidate on July 30, 2012.  The Motion to Consolidate is currently pending with a hearing scheduled for August 31, 2012 at 9:00 a.m.

11. **RELIEF SOUGHT**

**Plaintiff's Statement**

Plaintiff seeks:

a.      An order (i) certifying the Class and Subclass, (ii) directing this case proceed as a class action, and (iii) appointing Plaintiff as Class and Subclass representative and her counsel as Class and Subclass counsel;

b.      An order declaring that LinkedIn's actions, as described in the class action complaint, violate the California Unfair Competition Law (Cal. Bus. and Prof. Code §§ 17200, *et seq*.) and the Consumer Legal Remedies Act (Cal. Bus. & Prof. Code §§ 1750), constitute a breach of contract, or in the alternative, breach of the implied covenants of good faith and fair dealing, or in the alternative, breach of implied contract, as well as negligence and negligence *per se*;

c.      An order awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the other Class and Subclass members, including, *inter alia*: an order (i) prohibiting LinkedIn from engaging in the wrongful and unlawful acts described in the complaint; (ii) ensuring that LinkedIn user data does not appear in Internet search engines; and (iii) requiring LinkedIn to protect all data collected through the course of its business in accordance with industry standards;

d.      Award damages to Plaintiff and the other Class and Subclass members in an amount to be determined at trial;

e.      Award Plaintiff and the other Class and Subclass members their reasonable litigation expenses and attorneys' fees;

f.      Award Plaintiff and the other Class and Subclass members pre- and post-judgment interest, to the extent allowable; and

g.      Award such other and further relief as equity and justice may require.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 12-CV-3088 EJD

**<u>LinkedIn's Statement</u>**

LinkedIn denies that Plaintiff is entitled to any relief whatsoever.  Additionally, LinkedIn reserves all rights, claims, and defenses available under law.

**12.   SETTLEMENT AND ADR**

The Parties do not believe that any ADR process is appropriate at this time.  The Parties participated in an ADR phone conference with a legal staff member from the Court's ADR Program on August 22, 2012; a further phone conference has been set for November 1, 2012.

**13.   CONSENT TO MAGISTRATE JUDGE**

The Parties do not consent to have a magistrate judge conduct all further proceedings.

**14.   OTHER REFERENCES**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

At this time, the Parties do not believe there are any issues that can be narrowed.

**16.   EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is of the type that can be handled on an expedited basis.

**17.   SCHEDULING**

On August 10, 2012, the Parties filed a Stipulated Request for an Order Changing Date of Case Management Conference by One Week (*See* Dkt. No. 33).  In their stipulation, the Parties requested that, for purposes of party and judicial economy, the Court reschedule the initial Case Management Conference from August 24, 2012 to August 31, 2012, to combine the Case Management Conference with the hearing on the Motion to Consolidate that also is set for August 31, 2012.  The Parties Stipulated Request was granted on August 15, 2012  (*See* Dkt. No. 36).  Accordingly, the initial Case Management Conference and the hearing on the Motion to Consolidate are scheduled to occur together on August 31, 2012.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 12-CV-3088 EJD

The Parties jointly propose that if the Motion to Consolidate is granted, Plaintiffs' deadline to file their consolidated amended complaint will be 21 days after the order granting consolidation is issued, and LinkedIn's deadline to answer, move, or otherwise respond will be 45 days after the consolidated amended complaint deadline.

Additionally, if the Motion to Consolidate is granted, the Parties propose to meet and confer again at that time and file a proposed consolidated schedule within 21 days after the Court's consolidation order.

In the event that the Motion to Consolidate is denied, the Parties propose the following schedule for this individual action:

| Event | Proposed Date (If No Consolidation) |
|-------|-------------------------------------|
| Rule 26(a)(1) Initial Disclosures | 21 days after order denying Motion to Consolidate[1] |
| Motion to Dismiss Complaint | 45 days after order denying Motion to Consolidate |
| Answer | If LinkedIn's Motion to Dismiss is (1) denied in its entirety or (2) denied in part and granted in part without giving Plaintiffs leave to amend, LinkedIn shall file its answer no later than 30 days after the decision on the Motion to Dismiss. |
| | If LinkedIn's Motion to Dismiss is (1) denied in part and granted in part and Plaintiffs are given leave to amend or (2) granted entirely with leave to amend, LinkedIn shall file either an answer or a renewed motion to dismiss 30 days after amendment of the complaint.  If the Motion to Dismiss was granted only in part and no amendment is filed, LinkedIn shall file an answer 30 days after the deadline to file an amendment passes.  If LinkedIn files a renewed motion to dismiss after amendment of the complaint, LinkedIn's deadline to answer will be continued until set by further order of the Court. |
| | The date on which LinkedIn files its answer, if that occurs, shall be deemed the "Answer Date." |
| Deadline for Completion of Class Certification Fact Discovery, Including Fact Witness Depositions | 150 days after Answer Date |

---

[1] If any deadline provided for in this schedule falls on a weekend or Court holiday, the deadline will be continued until the next Court day.

Cooley LLP
Attorneys At Law
San Francisco

12.

Joint Case Management Statement
Case No. 12-cv-3088 EJD

| Event | Proposed Date (If No Consolidation) |
|---|---|
| Deadline for Disclosure of Plaintiff's Class Certification Expert Witnesses (name, address, qualifications, résumé, and written report) | 14 days before deadline to file motion to certify class |
| Deadline to File Motion to Certify Class | 180 days after Answer Date |
| Deadline for Disclosure of LinkedIn's Class Certification Expert Witnesses (name, address, qualifications, résumé, and written report) | 60 days after deadline to file motion to certify class |
| Deadline to File Any Opposition to Motion to Certify Class | 60 days after deadline to file motion to certify class |
| Deadline to File Any Reply in Support of Motion to Certify Class | 30 days after deadline to file opposition to motion to certify class |
| Hearing on Class Certification Motion | At Court's convenience |
| First Day for Serving of Merits Discovery | Day of decision on class certification motion |
| Deadline for Completion of Fact Discovery, Including Fact Witness Depositions | 180 days after decision on class certification motion |
| Parties to Meet and Confer to Propose a Schedule for Pre-trial Conference, Pre-trial Motions, and Trial | 180 days after decision on class certification motion |
| Deadline for Disclosure of Plaintiff's Expert Witnesses to be Presented at Trial (name, address, qualifications, résumé, and written report) | 35 days after completion of merits fact discovery |
| Deadline for Disclosure of LinkedIn's Expert Witnesses to be Presented at Trial (name, address, qualifications, résumé, and written report) | 42 days after disclosure of Plaintiff's expert witnesses to be presented at trial |
| Deadline for Completion of Merits Expert Discovery, including Expert Depositions | 21 days after disclosure of LinkedIn's expert witnesses to be presented at trial |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 12-CV-3088 EJD

| Event | Proposed Date (If No Consolidation) |
|---|---|
| Last Day to File Motion for Summary Judgment | 30 days after close of merits expert discovery |
| Deadline to File Any Opposition to Motion for Summary Judgment | 35 days after deadline to file motion for summary judgment |
| Deadline to File Any Reply in Support of Motion for Summary Judgment | 21 days after deadline to file opposition to motion for summary judgment |
| Hearing on Summary Judgment Motion | At Court's convenience |
| Pre-trial Conference, Pre-trial Motions, and Trial | To be determined |

**18.    TRIAL**

The Parties propose to meet and confer after the completion of fact discovery to propose a trial schedule and inform the Court of the expected length of the trial.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff and LinkedIn filed their Certification of Interested Entities or Persons as required by L.R. 3-16 on June 15, 2012 (Dkt. No. 2) and July 2, 2012 (Dkt. No. 7), respectively.

As stated in Plaintiff's Certification, Plaintiff knows of no other persons, firms, partnerships, corporations or other entities that have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

As stated in LinkedIn's Certification, the only persons or entities that own more than 10% of LinkedIn Corporation's outstanding common stock are Reid Hoffman and Michelle Yee (as Trustees of the Reid Hoffman and Michelle Yee Living Trust dated October 27, 2009); as of this date, LinkedIn is unaware of any person or entity other than the named parties with a financial or other interest that could be substantially affected by the outcome of the proceeding.

**20.    OTHER MATTERS**

There are no additional matters to address in this joint statement.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 12-CV-3088 EJD

Dated:  August 24, 2012                 COOLEY LLP

                                        /s/ Matthew D. Brown
                                        Matthew D. Brown

                                        Attorneys for Defendant
                                        LINKEDIN CORPORATION


Dated:  August 24, 2012                 EDELSON MCGUIRE LLC

                                        /s/ Ari J. Scharg
                                        Ari J. Scharg

                                        Attorneys for Plaintiff
                                        KATIE SZPYRKA


## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

Pursuant to Civil Local Rule 5-1(i)(3), I, Matthew D. Brown, attest that concurrence in the filing of this document has been obtained from each of the other signatories.


Dated:  August 24, 2012                 /s/ Matthew D. Brown
                                        Matthew D. Brown


1054921/HN

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 12-CV-3088 EJD