# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| | Case No. 12-cv-03088-EJD |
| IN RE LINKEDIN USER PRIVACY LITIGATION | **CLASS ACTION SETTLEMENT AGREEMENT** |
| | Judge:  Hon. Edward J. Davila<br>Action Filed:  June 15, 2012 |

This Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Khalilah Wright, (ii) the Settlement Class (as defined herein) (the Settlement Class and Wright are collectively referred to herein as the "Plaintiffs" unless otherwise noted); and (iii) Defendant LinkedIn Corporation ("Defendant" or "LinkedIn"). This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

**A.**     On or around June 6, 2012, LinkedIn announced that hackers had stolen and published approximately 6.5 million LinkedIn member passwords on a Russian hacker website. The stolen passwords had been hashed, but not salted.

**B.**     On June 15, 2012, Katie Szpyrka brought a putative class action in the United States District Court for the Northern District of California, captioned *Szpyrka v. LinkedIn Corp.*, No. 12-cv-3088, alleging claims for damages and injunctive relief against Defendant for failing to properly safeguard her personal information in accordance with industry standards and its own user agreements. (Dkt. 1.) Plaintiff Szpyrka pleaded claims under the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) (the "UCL"), the California Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*) (the "CLRA"), breach of contract, breach of the implied covenant of good faith and fair dealing, breach of implied contracts, negligence, and negligence *per se*.  (*Id.*)

**C.**     On July 16, 2012, Szpyrka moved to consolidate her action with three later-filed actions: *Paraggua v. LinkedIn Corp.*, No. 12-cv-3430 (N.D. Cal), *Shepherd v. LinkedIn Corp.*, No. 12-cv-3422 (N.D. Cal), and *Veith v. LinkedIn Corp.*, No. 12-cv-3557 (N.D. Cal.), and appoint lead and liaison counsel. (Dkt. 12.) An administrative motion to relate the cases pursuant to Local Rule 3-12(b) was filed on July 27, 2012. (Dkt. 15.) The administrative motion to relate cases was granted on August 22, 2012, (Dkt. 38), and Szpyrka's motion to consolidate and appoint lead and liaison counsel was granted on August 29, 2012. (Dkt. 40.) Jay Edelson was appointed Interim Lead Class Counsel and Laurence King was appointed Liaison Class Counsel. (Dkt. 40.)

**D.**      On September 19, 2012, Szpyrka filed the Consolidated Class Action Complaint, adding Plaintiff Scott Shepherd, in the case now captioned *In re LinkedIn User Privacy Litigation*. (Dkt. 49.)

**E.**      On November 11, 2012, LinkedIn moved to dismiss the Consolidated Class Action Complaint. (Dkt. 51.) On November 26, 2012, Szpyrka responded, pursuant to Federal Rule of Civil Procedure 15, to LinkedIn's motion by filing the First Amended Consolidated Class Action Complaint, which added Plaintiff Khalilah Wright and additional factual allegations.  (Dkt. 54.)

**F.**      On October 30, 2012, Szpyrka propounded her first set of interrogatories and first set of document requests on LinkedIn.

**G.**      On December 20, 2012, LinkedIn moved to dismiss the First Amended Consolidated Class Action Complaint.  (Dkt. 59.)

**H.**      On January 29, 2013, the United States of America moved to intervene and temporarily stay discovery. (Dkt. 66.) Pursuant to the United States' request, discovery was temporarily stayed.

**I.**      After full briefing and oral argument, the Court granted LinkedIn's motion to dismiss on March 6, 2013, and granted Plaintiffs leave to file a Second Amended Complaint to address certain pleading issues identified in the dismissal order.  (Dkt. 72.)

**J.**      On April 30, 2013, Khalilah Wright filed the Second Amended Consolidated Class Action Complaint, limiting the causes of action to one claim under the UCL and a second claim for breach of contract.  (Dkt. 78.)

**K.**      On June 13, 2013, LinkedIn again moved to dismiss. (Dkt. 81.) After full briefing and oral argument, the Court denied in part and granted in part LinkedIn's motion. (Dkt. 100.)

**L.**      On April 11, 2014, LinkedIn answered the Second Amended Consolidated Class Action Complaint.  (Dkt. 101.)

**M.**      Shortly thereafter, on April 15, 2014, the Court referred the case to private mediation and the Parties exchanged information that they deemed necessary to effectively negotiate their respective positions. (*See* Dkt. 102.)

**N.**      On May 29, 2014, the Parties met for a formal, in-person mediation with John B.

Bates, Jr. of JAMS in San Francisco. Over the course of that day, the Parties engaged in productive arms'-length negotiations and eventually agreed to a settlement in principle.

**O.**     At all times, Defendant has denied and continues to deny that it committed, or threatened, or attempted to commit any wrongful act or violation of law or duty alleged in the Action (defined below).  Defendant also denies: (1) each and all of the claims and contentions alleged by Plaintiffs in the Action; (2) all charges of wrongdoing or liability against Defendant or its agents arising out of any conduct, statements, acts or omissions alleged in the Action; and (3) that Plaintiffs or the Settlement Class is entitled to any form of damages based on the conduct alleged in the Action.  In addition, Defendant maintains that it has meritorious defenses to the claims alleged in the Action and was prepared to vigorously defend all aspects of the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded that further defense of the Action would be protracted, risky, burdensome, and expensive, and that it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

**P.**     Plaintiff believes that the claims asserted in the Action against Defendant have merit and that she would ultimately have been successful in adversarial certification of the proposed class under Rule 23 and prevailing on the merits at summary judgment or trial.  Nonetheless, Plaintiff and Settlement Class Counsel recognize and acknowledge that Defendant has raised factual and legal defenses in the Action that present a risk that Plaintiff may not prevail.  Plaintiff and Settlement Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, Class Counsel have concluded that the terms and conditions of

1  this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best

2  interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and

3  provisions of this Agreement.

4        **Q.**    Given all the above, and considering all other risks and uncertainties of continued

5  litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms

6  and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective

7  best interests.

8  **AGREEMENT**

9  **1.**    **DEFINITIONS**.

10        Unless otherwise defined above, the following definitions shall define these terms for

11  purposes of this Agreement:

12        **1.1**    **"Action"** means the consolidated case captioned *In re LinkedIn User Privacy*

13  *Litigation*, Case No. 12-cv-03088-EJD, pending in the United States District Court for the Northern

14  District of California, together with the consolidated cases *Paraggua v. LinkedIn Corp.*, No.

15  12-cv-3430 (N.D. Cal), *Shepherd v. LinkedIn Corp.*, No. 12-cv-3422 (N.D. Cal), and *Veith v.*

16  *LinkedIn Corp.*, No. 12-cv-3557 (N.D. Cal.).

17        **1.2**    **"Approved Claim"** means a Claim Form, submitted by a Settlement Class Member

18  that (a) is submitted timely and in accordance with the directions on the Claim Form and the

19  provisions of this Agreement; (b) is fully and truthfully completed and executed, with all of the

20  information requested in the Claim Form by a Settlement Class Member, including a statement that

21  the Settlement Class Member was influenced by LinkedIn's statements about its security protocols

22  in deciding to purchase premium LinkedIn services; (c) is signed by the Settlement Class Member,

23  physically or electronically; and (d) is verified by the Settlement Administrator pursuant to Section

24  5.2.

25        **1.3**    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked

26  or received to be considered timely and shall be set as a date no later than sixty-five (65) days after

27  the Notice Date. The date of the Claims Deadline shall be clearly set forth in the Preliminary

28  Approval Order as well as in the Notice and the Claim Form.

**1.4**    **"Claim Form"** means the document substantially in the form attached as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a claim for a payment pursuant to this Agreement, shall be available for submission in electronic and paper format.

**1.5**    **"Class Counsel"** means Lead Class Counsel Jay Edelson, Rafey S. Balabanian, Ari J. Scharg, and J. Dominick Larry of Edelson PC, and Liaison Class Counsel Laurence King, Linda Fong, and David Straite of Kaplan Fox & Kilsheimer LLP.

**1.6**    **"Class Representative"** means Plaintiff Khalilah Wright.

**1.7**    **"Court"** means the United States District Court, Northern District of California, the Honorable Edward J. Davila presiding, or any judge of this court who shall succeed him as the Judge assigned to this Action.

**1.8**    **"*Cy Pres* Recipients"** means the Center for Democracy and Technology, the World Privacy Forum, and the Carnegie Mellon CyLab Usable Privacy and Security Laboratory.

**1.9**    **"Defendant"** means LinkedIn Corporation, a Delaware corporation.

**1.10**    **"Email Notice"** means the legal notice summarizing the terms of this Settlement Agreement, as approved by Class Counsel, LinkedIn's Counsel, and the Court, to be provided to the Settlement Class via electronic mail (as further provided for in Section 4.1(a) below).  The Email Notice shall be substantially similar to the form attached hereto as Exhibit B.

**1.11**    **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation.  The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty five (45) days or less.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**1.12**    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.13**    **"Final Settlement Date"** means one business day after the Final Judgment becomes

"Final."  For purposes of this Section, "Final" means that all of the following have occurred: (i) the time expires for filing or noticing any appeal of the Court's Final Judgment approving this Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration, rehearing en banc, or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.14    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving this Settlement Agreement, the Fee Award, and any incentive award to the Class Representative.  The Final Approval Hearing shall be no earlier than one hundred ten (110) days after the Notice Date or such other time as the Court shall set.

1.15    **"Final Judgment"** means the final judgment to be entered by the Court approving class settlement in accordance with this Agreement after the Final Approval Hearing.

1.16    **"LinkedIn's Counsel"** means Cooley LLP.

1.17    **"Notice"** means notice of this proposed settlement and the Final Approval Hearing, consisting of Email Notice and Website Notice.

1.18    **"Notice Date"** means the day by which the Notice set forth in Section 4.1(a), other than the second "final notice" email, is complete, which shall be a date no later than twenty-eight (28) days after entry of the Preliminary Approval Order.

1.19    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Agreement must be filed with the Court or a request for exclusion by a Person within the Settlement Class must be postmarked or delivered to the Settlement Administrator, which shall be designated as a date forty-five (45) days after the Notice Date, or such other date as ordered by the Court.

1.20    **"Parties"** (singular **"Party"**) means Plaintiff Khalilah Wright and Defendant.

**1.21** **"Person(s)"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.22** **"Plaintiffs"** (singular "**Plaintiff**") means Khalilah Wright and the Settlement Class Members, collectively.

**1.23** **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice, a proposed version of which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

**1.24** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, damages (including but not limited to punitive, exemplary or multiple damages), charges, penalties, losses, rights, actions, causes of action, claims, contracts or agreements, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the UCL or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States (including both direct and derivative claims) against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions, or failures to act regarding the data breach made public on or about June 6, 2012 that resulted in the posting of LinkedIn member passwords online and/or LinkedIn's representations about the security of its users' personal information, passwords, or data in its User Agreement or Privacy Policy, including all claims that were brought or could have been brought in the Action, belonging to any and all Plaintiffs and Releasing Parties.

**1.25** **"Released Parties"** means Defendant LinkedIn and any and all of its present or former heirs, executors, estates, administrators, predecessors, successors, assigns, parents,

subsidiaries, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, insurers, underwriters, shareholders, lenders, auditors, investment advisors, and any and all present and former companies, firms, trusts, corporations, officers, directors, other individuals or entities in which LinkedIn has a controlling interest or which is affiliated with any of them, or any other representatives of any of these Persons and entities.

1.26    **"Releasing Parties"** means Plaintiff Wright and the Settlement Class Members who do not validly and timely request to be excluded from the proposed settlement (whether or not such Settlement Class Members submit claims) and all of the their present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors-in-interest, successors, assigns, and legatees.  To the extent a Settlement Class Member is not an individual, Releasing Parties also includes all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, and predecessors-in-interest.

1.27    **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice, processing claims, objections, and requests for exclusion, establishing and maintaining the settlement website and Escrow Account, administering payments for Approved Claims via ACH (direct deposit) deposits or by physical check (including costs of mailing checks), and any costs incurred in sending the CAFA notices described in Section 4.2 below.  The Settlement Administrator has agreed that Settlement Administration Expenses will not exceed one hundred eighty thousand dollars ($180,000), which shall include within it all Settlement Administration Expenses specifically contemplated by or resulting from the implementation of this Agreement.

1.28    **"Settlement Administrator"** means Kurtzman Carson Consultants LLC selected by the Parties and approved by the Court to develop the Notice plan, oversee the distribution of Notice, oversee the distribution of the CAFA notices, and conduct the processing and payment of Approved Claims to Settlement Class Members as set forth in this Agreement.

**1.29** **"Settlement Agreement"** or **"Agreement"** means the settlement contemplated by this Agreement.

**1.30** **"Settlement Class"** means all Persons in the United States who paid a fee to LinkedIn for a premium subscription at any time between March 15, 2006 and June 7, 2012.

**1.31** **"Settlement Class Member(s)"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a timely and valid request for exclusion.

**1.32** **"Settlement Fund"** means a non-reversionary cash settlement fund in the amount of one million, two hundred fifty thousand dollars ($1,250,000).  The Settlement Fund shall be used for payments to Settlement Class Members, including Approved Claims and any payment to *Cy Pres* Recipients, all Settlement Administration Expenses, the Fee Award, and any incentive award to Plaintiff Khalilah Wright, and shall be funded as follows: (i) LinkedIn shall pay $625,000 into the Escrow Account within twenty-eight (28) days after entry of the Preliminary Approval Order, and (ii) LinkedIn shall pay $625,000 into the Escrow Account within twenty-eight (28) days after the Final Settlement Date has occurred. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account.  The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings.

**1.33** "**Unknown Claims**" means claims that could have been raised in the Action and that Plaintiff Khalilah Wright and/or the Settlement Class Members do not know or suspect to exist, which, if known by him, her, or it, might affect his, her or its agreement to release the Released Parties of the claims specified in Section 1.24 or 3.2 or might affect his, her or its decision to agree, object, or not object to the settlement.  Upon the Final Settlement Date, for the purpose of the Released Claims, Settlement Class Members and Plaintiff Khalilah Wright shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, and any law or legal principle of similar effect in any jurisdiction, whether federal or state.  Section 1542 of the California Civil Code provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

1.34   **"Website Notice"** means the legal notice of terms of this the Settlement Agreement, as approved by Class Counsel, LinkedIn's Counsel, and the Court, to be provided to Settlement Class Members on a website to be hosted by the Settlement Administrator (as further provided for in Section 4.1(b) below).  The Website Notice shall be substantially similar to the form attached hereto as Exhibit C.

**2.     SETTLEMENT RELIEF**

**2.1    Monetary Payments to Settlement Class Members**

(a)     Settlement Class Members shall have until the Claims Deadline to submit an Approved Claim. Each Settlement Class Member with an Approved Claim will be paid a *pro rata* share of the amount in the Settlement Fund, after payment of Settlement Administration Expenses, the Fee Award, and any incentive award to the Class Representative, up to a maximum payment of fifty dollars ($50.00) per Settlement Class Member with an Approved Claim.

(b)     If, given the number of Approved Claims, the Parties reasonably believe that the *pro-rata* share for each Settlement Class Member with an Approved Claim would be less than ten dollars ($10), the Parties shall meet and confer with third-party neutral John B. Bates, Jr. at JAMS and thereafter will seek approval from the Court of any revised plan to pay Approved Claims, provide additional direct notice to the Settlement Class of any change, and post any such revised plan to the Settlement Website at least fourteen (14) days prior to the Objection/Exclusion Deadline.  Reasonable belief shall be presumed if more than 50,000 claims have been submitted twenty-one (21) days prior to the Objection/Exclusion Deadline.

(c)     To the extent that any funds remain in the Settlement Fund after all payments to Settlement Class Members with Approved Claims have been made, such funds shall be given to the *Cy Pres* Recipients *pro rata*;

(d)     Within fifty-six (56) days after the Final Settlement Date has occurred, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement

Fund all Approved Claims by either (1) check, which will be mailed to the claimants of the Settlement Class via first-class mail, or (2) ACH (direct deposit) if the Settlement Class Member elected to be paid in that manner on his or her Claim Form.  All cash payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.

          **(e)**     To the extent that a check issued to a Settlement Class Member is not cashed within ninety (90) days after the date of issuance, the check will be void, and such funds shall revert to the Settlement Fund for distribution to the *Cy Pres* Recipients.  In no event will the funds represented by an uncashed check constitute abandoned or unclaimed property.

    **2.2**    **Prospective Relief:**  LinkedIn agrees that it shall employ both salting and hashing, or an equivalent or greater form of protection in LinkedIn's judgment, to protect LinkedIn users' passwords for a period of five (5) years after the Final Settlement Date.  LinkedIn shall be responsible for all costs associated with the implementation of the relief required by this Section.

**3.**     **RELEASES**

    **3.1**    <u>**Settlement Class Members' Release**</u>.  Upon the Final Settlement Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

    **3.2**    <u>**Class Representative's Release**</u>.  Upon the Final Settlement Date, Plaintiff Wright and her present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors-in-interest, successors, assigns, and legatees fully, finally and forever release, relinquish, and discharge the Released Parties from all Released Claims, Unknown Claims, and any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, damages (including but not limited to punitive, exemplary or multiple damages), charges, penalties, losses, rights, actions, causes of action, claims, contracts or agreements,  expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the UCL or other federal, state, local,

1  statutory or common law or any other law, rule or regulation, including the law of any jurisdiction

2  outside the United States (including both direct and derivative claims).

3       Plaintiff Wright, individually and on behalf of each of her present, former, and future heirs,

4  executors, administrators, representatives, agents, attorneys, partners, predecessors-in-interest,

5  successors, assigns, and legatees, fully understands that the facts upon which this Agreement is

6  executed may hereafter be other than or different from the facts now believed by Plaintiff Wright

7  and/or her counsel to be true and expressly accepts and assumes the risk of such possible difference

8  in facts and agrees that this Agreement shall remain effective notwithstanding any such difference

9  in facts.  Plaintiff Wright acknowledges and agrees that this waiver is an essential and material term

10  of this release and the settlement that underlies it and that without such waiver the settlement would

11  not have been accepted.

12  **4.  NOTICE TO THE CLASS**

13       **4.1**  Notice to the Settlement Class will be disseminated as follows:

14       **(a)**  *Direct Notice.*  The Settlement Administrator or LinkedIn shall send Email

15  Notice, which shall be substantially similar to the form attached as Exhibit B, which shall include

16  an electronic link to the Claim Form, to each Person in the Settlement Class for whom LinkedIn has

17  a valid email address no later than the Notice Date, or on such other date determined by the Court.

18  For emails that immediately result in a bounce-back or are otherwise undeliverable, the Settlement

19  Administrator or LinkedIn shall attempt to re-send the Email Notice prior to the Notice Date.

20  Further, fourteen (14) days prior to the Objection/Exclusion Deadline, the Settlement Administrator

21  or LinkedIn will disseminate another copy of the Email Notice, adding to the subject line of the

22  email "FINAL NOTICE."  All Email Notice shall inform the Settlement Class how to file claims

23  and objections and how to request exclusion.

24       **(b)**  *Settlement Website.*  Starting no later than the start of the dissemination of

25  Email Notice to the Settlement Class, the Website Notice shall also be provided on a website, which

26  shall be developed and hosted by the Settlement Administrator and shall include the ability to

27  electronically file Claim Forms online. The Website Notice shall be substantially similar to the form

28  attached as Exhibit C.

**4.2** *CAFA Notice*. Not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall serve upon the relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715.

**4.3** All objections and any papers submitted in support of such objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Website Notice, the Person making the objection submits copies of such papers to the Court either by mailing them to the Class Action Clerk, or by filing them in person at any location of the United States District Court for the Northern District of California, except that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system. Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name, address, email address, and contact phone number; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

**4.4** Any Settlement Class Member who fails to timely mail or file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of Section 4.3 and as detailed in the Notice shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his, her or its objections and be forever barred from making any such objections in the Action or any other action or proceeding.

**4.5** A member of the Settlement Class may request to be excluded from the Settlement

1  Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved

2  by the Court and specified on the Notice. In order to exercise the right to be excluded, a member of

3  the Settlement Class must timely send a written request for exclusion to the Settlement

4  Administrator providing his or her name, address, email address, phone number, a signature, the

5  name and number of the case, and a statement that he or she wishes to be excluded from the

6  Settlement Class. A request to be excluded that does not include all of this information, or that is

7  sent to an address other than that designated in the Notice, or that is not postmarked within the time

8  specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the

9  Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved.

10  Any Person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders

11  of the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights

12  by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.

13  **5.**       **SETTLEMENT ADMINISTRATION**

14       **5.1**       The Settlement Administrator shall, under the Court's supervision, administer the

15  relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive,

16  cost-effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed

17  records of its activities under this Agreement. The Settlement Administrator shall ensure that all

18  such records will be made available to Class Counsel and LinkedIn's Counsel upon request. The

19  Settlement Administrator shall also provide reports and other information to the Court as the Court

20  may require. The Settlement Administrator shall provide Class Counsel and LinkedIn's Counsel

21  with information concerning Notice, administration, and implementation of the Settlement

22  Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator,

23  shall submit a timely report to the Court summarizing the work performed by the Settlement

24  Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class

25  Members on account of Approved Claims. Without limiting the foregoing, the Settlement

26  Administrator shall:

27       **(a)**       Receive requests to be excluded from the Settlement Class and other requests

28  from Settlement Class Members and promptly provide to Class Counsel and LinkedIn's Counsel

1  copies thereof upon receipt. If the Settlement Administrator receives any requests for exclusion or

2  other requests from Settlement Class Members after the deadline for the submission of such forms

3  and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel

4  and LinkedIn's Counsel;

5         **(b)**    Provide reports to Class Counsel and LinkedIn's Counsel, including without

6  limitation, reports regarding the number of Claim Forms received and the amount of the payments

7  sought, the number thereof approved by the Settlement Administrator, and the categorization and

8  description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

9         **(c)**    Make available for inspection by Class Counsel and LinkedIn's Counsel

10  Claim Forms and any supporting documentation received by the Settlement Administrator at any

11  time upon reasonable notice.

12      **5.2**    The Settlement Administrator may reject a Claim Form, or any part of a claim for a

13  payment reflected therein, where the Person submitting the Claim Form does not appear to be a

14  Settlement Class Member.  In addition, the Settlement Administrator shall be obliged to employ

15  reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is

16  evidence of abuse or fraud. The Settlement Administrator shall determine whether a Claim Form

17  submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that

18  fail to comply with the instructions thereon or the terms of this Agreement, after giving the claimant

19  a reasonable opportunity to provide any requested missing information but no event shall any

20  Settlement Class Member have more than twenty-one (21) days after being noticed by the

21  Settlement Administrator of any question or deficiency in the submitted Claim Form.

22  **6.**       **TERMINATION OF SETTLEMENT**

23      **6.1**    **Action Status if Settlement Not Approved**. This Settlement Agreement is being

24  entered into for settlement purposes only. If the Court conditions its approval of either the

25  Preliminary Approval Order or the Final Judgment on any modifications of this Settlement

26  Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or

27  enter the Final Judgment, or if the Final Settlement Date does not occur for any reason, then this

28  Settlement Agreement will be deemed null and void *ab initio*. In that event, then (a) the Preliminary

1  Approval Order, and the Final Judgment (if applicable) and all of its provisions will be vacated by

2  its own terms, including, but not limited to, vacating conditional certification of the Class, vacating

3  conditional appointment of Plaintiff Khalilah Wright as class representative, and vacating

4  conditional appointment of Class Counsel as counsel to the class, (b) the Action will revert to the

5  status that existed before the Settlement Agreement's execution date, and (c)(i) no term or draft of

6  this Settlement Agreement, (ii) nor any part of the Parties' settlement discussions, negotiations, or

7  documentation (including any declaration or brief filed in support of the motion for preliminary

8  approval or motion for final approval), (iii) nor any rulings regarding class certification for

9  settlement purposes (including the Preliminary Approval Order and, if applicable, the Final

10  Judgment), will have any effect or be admissible into evidence for any purpose in the Action or any

11  other proceeding. If the Court does not approve the settlement or enter the Final Judgment for any

12  reason, or if the Final Settlement Date does not occur for any reason, Defendant shall retain all its

13  rights, for example, to object to the maintenance of the Action as a class action, to move for

14  summary judgment, and to assert defenses at trial, and nothing in this Settlement Agreement or

15  other papers or proceedings related to the settlement shall be used as evidence or argument by any

16  Party concerning whether the Action may properly be maintained as a class action, or for any other

17  purpose.

18      **6.2      Treatment of Settlement Fund if Settlement Terminated**.  Unless otherwise

19  ordered by the Court, in the event the Settlement Agreement is terminated for any reason, then

20  within ten (10) business days after the Parties have provided the Court with notice that they are

21  invoking this Section 6.2, the Settlement Administrator shall return the Settlement Fund (including

22  accrued interest), less expenses and any costs which have either been disbursed or incurred,

23  including taxes and tax expenses, to Defendant pursuant to written instructions from LinkedIn's

24  Counsel.  At the request of LinkedIn's Counsel, the Settlement Administrator or its designee shall

25  apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any

26  fees or expenses incurred in connection with such application(s) for refund, to Defendant.

27      **6.3      Termination Clause**.  If, prior to the Final Approval Hearing, any Persons who

28  would otherwise be Settlement Class Members have timely requested exclusion from the Settlement

1   Class in accordance with the provisions of this Agreement, the Preliminary Approval Order, and the

2   Notice given pursuant thereto, and the number of such Persons seeking exclusion exceeds one

3   thousand (1,000), LinkedIn shall have, in its sole and absolute discretion, the option to terminate

4   this Settlement Agreement.  LinkedIn may terminate the Settlement Agreement by serving written

5   notice of termination on the Court and Class Counsel by hand delivery or overnight courier within

6   five (5) business days after being informed in writing by the Settlement Administrator that there are

7   one thousand (1,000) or more such requests for exclusion timely filed.  If this Settlement

8   Agreement is terminated, it will be deemed null and void *ab initio*. In that event: (i) the Preliminary

9   Approval Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert

10  to the status that existed before the Settlement Agreement's execution date; and (iii) no term or

11  draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions,

12  negotiations, or documentation will have any affect or be admissible into evidence, for any purpose,

13  in this Action or any other proceeding.

14  **7.      PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

15      **7.1**      Promptly after the execution of this Settlement Agreement, Class Counsel shall

16  submit this Agreement together with its Exhibits to the Court and shall move the Court for entry of

17  a Preliminary Approval Order of the settlement set forth in this Agreement, certification of the

18  Settlement Class for settlement purposes only, appointment of Class Counsel and the Class

19  Representative, set a Final Approval Hearing date and approve the Notice and Claim Form for

20  dissemination, substantially in the form attached as Exhibits A, B, and C.

21      **7.2**      At the time of the submission of this Agreement to the Court as described above,

22  Class Counsel and LinkedIn's Counsel shall request that, after Notice is given, the Court hold a

23  Final Approval Hearing and approve the settlement of the Action as set forth in this Agreement.

24      **7.3**      After Notice is given, Class Counsel on behalf of the Class Representative shall

25  request from the Court a Final Judgment. The Final Judgment will (among other things):

26          **(a)**      find that the Court has personal jurisdiction over all Settlement Class

27  Members and that the Court has subject matter jurisdiction to approve the Agreement, including all

28  attached exhibits;

**(b)**     approve the Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties;

**(c)**     find that the Notice implemented pursuant to the Agreement (1) constituted the best practicable notice under the circumstances; (2) constituted notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) met all applicable requirements of the Federal Rules of Civil procedure, the Due Process Clauses of the United States Constitution, and the rules of the Court;

**(d)**     find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

**(e)**     dismiss the Action (including all individual claims and class action claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**(f)**     incorporate the releases set forth in Section 3, make the releases effective as of the Final Settlement Date, and forever discharge the Released Parties as set forth in this Agreement;

**(g)**     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

**(h)**     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its

implementing documents (including all exhibits to this Agreement) as (1) shall be consistent in all material respects with the Final Judgment, or (2) do not limit the rights of Settlement Class Members; and

**(i)** without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

**8.      CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

8.1      Class Counsel is entitled to petition the Court for reasonable attorneys' fees and expenses from the Settlement Fund.  Class Counsel shall file, and the Settlement Administrator shall post to the settlement website referenced in Section 4.1(b), its papers supporting the Fee Award fourteen (14) days before the Objection/Exclusion Deadline.  Class Counsel has agreed to limit their request for attorneys' fees and expenses to one-third (1/3) of the Settlement Fund, recognizing that such fees and expenses relate to obtaining monetary as well as prospective relief for the Settlement Class.  LinkedIn may oppose Class Counsel's petition for attorneys' fees and expenses.

8.2      The Settlement Administrator, within five (5) days after the later of (a) the Final Settlement Date or (b) receipt of wire instructions from Class Counsel, pay Class Counsel from the Settlement Fund the Fee Award via electronic transfer to an account designated by Class Counsel. Class Counsel is solely responsible for distributing the Fee Award to any attorney that may claim entitlement to attorneys' fees or costs in the Action.  Defendant is not responsible for Class Counsel's allocation of the Fee Award. Should the Court award less than the amount sought in the petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund to pay Approved Claims of Settlement Class Members or be given to the *Cy Pres* Recipients.

8.3      Class Counsel has agreed to limit its request for any incentive award for Plaintiff Wright to seven thousand five hundred dollars ($7,500).  LinkedIn may oppose Class Counsel's

petition for an incentive award.  Class Counsel shall file, and the Settlement Administrator shall post to the settlement website referenced in Section 4.1(b), its papers supporting any incentive award fourteen (14) days before the Objection/Exclusion Deadline.

**8.4**     The Settlement Administrator, within five (5) days after the Final Settlement Date, shall pay from the Settlement Fund the amount of any Court-approved incentive award for Plaintiff Wright via check, to be sent care of Class Counsel. Should the Court award less than the amount sought in the petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund to pay Approved Claims of Settlement Class Members or be given to the *Cy Pres* Recipients.

**9.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

**9.1**     If the Final Settlement Date does not occur for any reason, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated then this Agreement shall be canceled and terminated subject to Section 9.2 unless Class Counsel and LinkedIn's Counsel mutually agree in writing to proceed with the Agreement.  Notwithstanding anything in this Agreement, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees or incentive award sought by Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.2**     If this Agreement is terminated or fails to become effective for any reason, the Parties and the Settlement Class Members shall be restored to their respective positions in the Action as of the date of the signing of this Agreement.  In such event, any Final Judgment or other order, including but not limited to certifying any class for settlement purposes, entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties and the Settlement Class Members shall be returned to the *status quo ante* with respect to the Action as if they had never entered into this Agreement.

**10.    MISCELLANEOUS PROVISIONS**

**10.1**     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the

extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties, Class Counsel, and LinkedIn's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**    All time periods and dates described in this Settlement Agreement are subject to the Court's approval.  These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Settlement Class.  The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any provisions of this Agreement.

**10.3**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by the Releasing Parties and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand.

**10.4**    The Parties executed this Settlement Agreement voluntarily and without duress or undue influence.

**10.5**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.6**    Whether or not the Final Settlement Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained in this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

**(a)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the

1   reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability,

2   negligence or fault of the Released Parties, or any of them;

3      **(b)** is, may be deemed, or shall be used, offered, or received against the

4   Settlement Class as an admission, concession, or evidence of any fault, misrepresentation, or

5   omission with respect to any statement or written document approved or made by the Released

6   Parties, or any of them;

7      **(c)** is, may be deemed, or shall be used, offered, or received against the Released

8   Parties, or each or any of them, as an admission or concession with respect to any liability,

9   negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal, or

10   administrative proceeding in any court, administrative agency, or other tribunal. However, the

11   settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or

12   pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary

13   to effectuate the provisions of this Agreement. However, if this Settlement Agreement is approved

14   by the Court and the Final Settlement Date occurs, any of the Parties or any of the Released Parties

15   may file this Agreement and/or the Final Judgment in any action that may be brought against such

16   Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*,

17   collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of

18   claim preclusion or issue preclusion or similar defense or counterclaim;

19      **(d)** is, may be deemed, or shall be construed against Plaintiff Khalilah Wright,

20   the Settlement Class or each or any of them, or against the Released Parties, or each or any of them,

21   as an admission or concession that the consideration to be given hereunder represents an amount

22   equal to, less than, or greater than that amount that could have or would have been recovered after

23   trial; and

24      **(e)** is, may be deemed, or shall be construed as or received in evidence as an

25   admission or concession against Plaintiff Khalilah Wright, the Settlement Class, or each and any of

26   them, or against the Released Parties, or each or any of them, that any of Plaintiff Khalilah Wright's

27   claims are with or without merit or that damages recoverable in the Action would have exceeded or

28   would have been less than any particular amount.

**10.7** The headings used in this Agreement are used for the purpose of convenience only and are not meant to have legal effect.

**10.8** The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**10.9** The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.10** The Parties must execute and deliver any additional papers, documents, and other assurances, and must do any other acts reasonably necessary, to perform their obligations under this Settlement Agreement and to carry out this Settlement Agreement's expressed intent.

**10.11** This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matter set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.12** Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**10.13** Except as otherwise provided in this Agreement, each Party shall bear its own fees and costs.

**10.14** Plaintiff Khalilah Wright represents and warrants that she has not assigned, granted, or transferred any claim or right or interest therein as against the Released Parties to any other Person and that she is fully entitled to release the same.

**10.15** Nothing in this Agreement, the negotiations, and the mediation relating thereto is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including without limitation the attorney-client privilege or work product immunity, by any Party.

**10.16** Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party to this Agreement warrants

and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.17**   This Agreement may be executed in one or more counterparts. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of the Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.18**   This Settlement Agreement shall be binding on, and inure to the benefit of, the successors and assigns of the Parties to this Agreement and the Released Parties.

**10.19**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties to this Agreement submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.20**   This Settlement Agreement and any claim, cause of action, or dispute among the Parties arising out of or relating to this Settlement Agreement shall be governed by, interpreted under, and enforced in accordance with the laws of the State of California without regard to any conflict-of-law principles that may otherwise provide for the application of the law of another jurisdiction.

**10.21**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms'-length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

**10.22**   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to Class Counsel and LinkedIn's Counsel.

[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK.  SIGNATURE PAGE FOLLOWS.]

Dated: August ___14___, 2014

By: Khalilah Wright
Khalilah Wright, individually and on behalf of
the Settlement Class

Dated: August ___ ___, 2014

LINKEDIN CORPORATION

By: _____

Its: _____

**APPROVED AS TO FORM BY COUNSEL:**

Dated: August ___, 2014

EDELSON PC
Attorneys for Plaintiff Wright and the Settlement
Class

By:_____
Jay Edelson, Esq.
Rafey S. Balabanian, Esq.
Ari J. Scharg, Esq.
J. Dominick Larry, Esq.

Dated: August ___, 2014

COOLEY LLP
Attorneys for LinkedIn Corporation

By:_____
Michael G. Rhodes, Esq.
Matthew D. Brown, Esq.
Benjamin H. Kleine, Esq.
Kathlyn Querubin, Esq.

Dated: August _____, 2014

By: _____
Khalilah Wright, individually and on behalf of
the Settlement Class

Dated: August __14__, 2014

LinkedIn Corporation

By: _____

Erika Rottenberg
Vice President, General Counsel
and Secretary

Its: _____

**APPROVED AS TO FORM BY COUNSEL:**

Dated: August ___, 2014

Edelson PC
Attorneys for Plaintiff Wright and the Settlement
Class

By: _____
Jay Edelson, Esq.
Rafey S. Balabanian, Esq.
Ari J. Scharg, Esq.
J. Dominick Larry, Esq.

Dated: August __15__, 2014

Cooley LLP
Attorneys for LinkedIn Corporation

By: _____
Michael G. Rhodes, Esq.
Matthew D. Brown, Esq.
Benjamin H. Kleine, Esq.
Kathlyn Querubin, Esq.

Dated: August _____, 2014

By:_____
Khalilah Wright, individually and on behalf of
the Settlement Class

Dated: August _____, 2014

LINKEDIN CORPORATION

By:_____

Its:_____

**APPROVED AS TO FORM BY COUNSEL:**

Dated:  August 15, 2014

EDELSON PC
Attorneys for Plaintiff Wright and the Settlement
Class

By:_____
Jay Edelson, Esq.
Rafey S. Balabanian, Esq.
Ari J. Scharg, Esq.
J. Dominick Larry, Esq.

Dated:  August ___, 2014

COOLEY LLP
Attorneys for LinkedIn Corporation

By:_____
Michael G. Rhodes, Esq.
Matthew D. Brown, Esq.
Benjamin H. Kleine, Esq.
Kathlyn Querubin, Esq.

**EXHIBITS**

**EXHIBIT A**          **Claim Form**

**EXHIBIT B**          **Email Notice**

**EXHIBIT C**          **Website Notice**

# Exhibit A

*In Re LinkedIn User Privacy Litigation Settlement Claim Form*

THIS CLAIM FORM MUST BE SUBMITTED BY [**CLAIMS DEADLINE**] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form, check all boxes for verification, sign where indicated, and choose payment method.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: _____ _____   Zip Code: ____ ____ ____ ____ ____

Email Address: _____

Contact Phone #: ( ____ ____ ____) ____ ____ ____ – ____ ____ ____ (You may be contacted if further information is required.)

<u>Class Member Verification</u>: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

   I paid a fee to LinkedIn for a premium subscription between March 15, 2006 and June 7, 2012.

   In signing up for a LinkedIn premium subscription, I was influenced by LinkedIn's statements in its User Agreement or Privacy Policy about its security protecting my information when I decided to sign up for the premium subscription.

   All information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ___ ___ / ___ ___ / ___ ___ ___

Print Name: _____

<u>Choose Payment Method</u>: (select only one)

   I wish to receive my payment by paper check sent to the address listed above.

   I wish to receive my payment electronically by direct deposit to the account indicated below

Routing number: _____

Bank Account number: _____



Your claim will be submitted to the Settlement Administrator for review.  Any payments will be made after the Court approves the settlement and, if there are any appeals, after the appeals are resolved in favor of the settlement.  Please be patient.  The amount of any payment will depend upon the number of valid claims submitted.  For more detail, please see the notice located on the settlement website at [www.website.com].

**Questions, visit [www.website.net] or call [toll free number]**

# Exhibit B

**IF YOU PAID A FEE TO LINKEDIN FOR A PREMIUM SUBSCRIPTION BETWEEN MARCH 15, 2006 AND JUNE 7, 2012, A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS**

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

A proposed class action settlement has been reached in a lawsuit against LinkedIn, which operates a professional networking service (website at www.linkedin.com), related to its protection of user information.

You are receiving this notice because you have been identified as being a possible Settlement Class Member. Your legal rights may be affected whether you act or don't act. Please read this notice carefully. Visit [www.website.com] to read the longer form of notice and the settlement agreement.

### What is the Lawsuit About?

This lawsuit, filed in the U.S. District Court for the Northern District of California, claims that LinkedIn did not use industry-standard protections as it stated it would in its User Agreement and Privacy Policy to keep passwords and personal information of users of its premium services secure. The lawsuit seeks damages for violation of California's unfair competition law.

LinkedIn denies that it engaged in any wrongdoing or violated any law, and the Court has not determined who is right.  Rather, the parties have agreed to settle the lawsuit.

### Who is a Settlement Class Member?

You are a Settlement Class Member if you live in the United States and paid a fee to LinkedIn for a premium subscription at any time between March 15, 2006 and June 7, 2012.

### What Do I Get From the Settlement?

Settlement Class Members who were influenced by LinkedIn's statements about its security when they signed up for LinkedIn premium subscriptions can submit a valid claim by [date] to receive a payment of up to $50 from a $1,250,000 Settlement Fund, after payment of the costs of administering the settlement, the attorneys' fee award, and any incentive award to the plaintiff. The amount of any payment to Settlement Class Members depends upon the number of valid claims filed.  For further explanation regarding the payments, please review the detailed notice at [www.website.com]. If there is still money left in the Settlement Fund after all of the foregoing payments are made, the money will be donated to appropriate non-profit organizations. LinkedIn will also employ both salting and hashing, or an equivalent or greater form of protection, to protect LinkedIn users' passwords for a period of five (5) years. File your claim online here at [www.website.com] by [date]. To request a paper copy, call toll-free [1-800-000-0000].

### What are My Other Options?

You will be a member of the Settlement Class unless you exclude yourself from the settlement.  If you do not wish to be a member of the Settlement Class, you may exclude yourself by mailing a valid request for exclusion to the Settlement Administrator, and it must be postmarked no later than **[Objection/Exclusion Deadline]**.  Be sure to include your name, address, email address, phone number, and a statement that you wish to be excluded from the Class in *In re LinkedIn User Privacy Litigation*, Case No. 12-cv-03088-EJD. If you choose to exclude yourself, you give up your right to object to the settlement, but retain any rights you may currently have to sue LinkedIn over the legal issues in the lawsuit.

You and/or your lawyer have the right to appear before the Court and object to the proposed settlement (*i.e.*, state the reasons you do not like it). You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. You can object ONLY if you stay in the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.  Your written objection must be filed or mailed to the Court referencing *In re LinkedIn User Privacy Litigation*, Case No. 12-cv-03088-EJD no later than **[Objection/Exclusion Deadline]**. Specific instructions about how to object to, or exclude yourself from, the settlement are available at [www.website.com].

If you do nothing you will be in the Settlement Class, and if the Court approves the Settlement Agreement, you will also be bound by all orders and judgments of the Court. If approved, your claim relating to LinkedIn's statements about the security of your password and information and relating to a June 2012 data breach that are the subject of this case against LinkedIn, will be fully and finally resolved and released (as set forth in greater detail in the Settlement Agreement).

### Who Represents Me?

The Court has appointed attorneys from Edelson, PC and Kaplan Fox & Kilsheimer LLP, to represent the class: These attorneys are referred to as Class Counsel. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### When will the Court Consider the Proposed Settlement?

The Court will hold a hearing to determine the fairness of the settlement at **[time]** on **[date]** at the Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113 in Courtroom 4, 5th Floor before Judge Edward J. Davila. At that hearing, the Court will consider whether to approve the settlement and a request by Class Counsel for attorneys' fees of up to one-third (1/3) of the Settlement Fund and an award for the Class Representative of up to $7,500. The Court may award less than these amounts. The hearing may be postponed to a different date or time without notice, so check [www.website.com] for updates. You are not required to come to this hearing.

### How Do I Get More Information?

This notice is a summary. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at [www.website.com], by contacting Class Counsel at 1-866-354-3015, by accessing the Court docket in this case through the Court's PACER system

at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court at the address above between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

Please do <u>not</u> contact the Court or LinkedIn with questions about the settlement or the claim process.

By Order of the Court Dated: [Date]

# Exhibit C

# If you paid a fee to LinkedIn for a premium subscription at any time between March 15, 2006 and June 7, 2012, a class action settlement may affect your rights.

*A Federal Court authorized this notice.  You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against LinkedIn, which operates a professional networking service (website at www.linkedin.com). The class action lawsuit involves claims that LinkedIn did not adequately protect the passwords and personal information of the users of its premium services.

- You are included if you are an individual or entity in the United States who paid a fee to LinkedIn for a premium subscription at any time between March 15, 2006 and June 7, 2012.

- If you are included in the settlement and can attest that you were influenced by LinkedIn's statements in its User Agreement or Privacy Policy about its security when you signed up for a LinkedIn premium subscription, you are eligible to submit a claim for up to $50 from a $1,250,000 Settlement Fund, after payment of the costs of administering the settlement and any award of reasonable attorneys' fees and expenses and plaintiff's incentive award approved by the Court.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment. | Deadline: [Month] [Day], [Year] |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue LinkedIn about the claims in this case. | Deadline: [Month] [Day], [Year] |
| **OBJECT** | Write to the Court explaining why you don't like the settlement. | Deadline: [Month] [Day], [Year] |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. | Deadline: [Month] [Day], [Year] |
| **DO NOTHING** | You won't get a share of the settlement benefits and will give up your rights to sue the LinkedIn about | N/A |

| | the claims in this case. | |
|---|---|---|

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be provided only after any issues with the settlement are resolved.  Please be patient.

## BASIC INFORMATION

**1.  Why was this Notice issued?**

A Court authorized this Notice to let you know about a proposed settlement with LinkedIn Corporation. You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. This Notice explains the lawsuit, the settlement, and your legal rights.

Judge Edward J. Davila of the U.S. District Court for the Northern District of California is overseeing this class action. The case is known as *In re LinkedIn User Privacy Litigation*, Case No. 12-cv-03088-EJD. The person who sued is called the "Plaintiff." The company they sued, LinkedIn Corporation, is called the "Defendant."

**2. What is a class action lawsuit?**

In a class action, one or more people called "Class Representatives" sue on behalf of a group of people who have similar claims. Together, these people are called a "Class" or "Class Members." In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  After the parties reached an agreement to settle this case, the Court recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

**3. What is this lawsuit about?**

The lawsuit alleges that LinkedIn, which operates a professional networking service (website at www.linkedin.com), did not use industry-standard security, which Plaintiff alleges was promised in LinkedIn's User Agreement and Privacy Policy, to keep the passwords and personal information of users of its premium services secure. The lawsuit seeks damages for violation of California's unfair competition law. LinkedIn denies Plaintiff's claims of wrongdoing or liability against it, and asserts that its conduct in no way violated its User Agreement or Privacy Policy and was wholly lawful.

More information about the complaints in the lawsuit and LinkedIn's answer can be found in Section 22 of this document and in the "Court Documents" section of the settlement website at [www.website.com].

**4. Why is there a settlement?**

The Court has not decided whether the Plaintiff or the Defendant should win this case.  Instead, both sides agreed to a settlement.  That way, they avoid the uncertainties and expenses associated with

ongoing litigation, and Settlement Class Members will get compensation now rather than, if at all, years from now.  The Class Representative and her attorneys ("Class Counsel") believe that the settlement is in the best interests of the Settlement Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that this settlement includes a Settlement Class of all Persons in the United States who paid a fee to LinkedIn for a premium subscription at any time between March 15, 2006 and June 7, 2012." "Persons" include an "individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns."

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement Agreement provide?

Defendant has agreed to create a $1,250,000 Settlement Fund.  Class Members who were influenced by LinkedIn's statements in its User Agreement or Privacy Policy about its security when they signed up for LinkedIn premium subscriptions can submit a claim for up to $50 from the Settlement Fund.  In addition to paying for valid claims of Class Members, the Settlement Fund will be used to pay the costs to administer the settlement, any Court-ordered award to Class Counsel for reasonable fees and expenses, and any incentive award to the Class Representative.  The amount each claimant will be paid depends upon the number of valid claims submitted.

If there is still money left in the Settlement Fund after providing payments to every Settlement Class Member with a valid claim, paying the costs to administer the settlement, the award of attorneys' fees and expenses, and any incentive award to the Class Representative, the remaining money will be donated to the following nonprofit organizations:

- Center for Democracy & Technology: Is a public interest organization that supports laws, corporate policies, and technology tools that protect the privacy rights of Internet users. The CDT focuses, in part, on cybersecurity and consumer privacy issues. For more information visit www.cdt.org.
- World Privacy Forum: Is a public interest organization dedicated to reimagining privacy in the digital era through research, education, and analysis. The WPF focuses on data breach, consumer privacy, digital privacy, cybersecurity, and encryption issues, among others.  For more information visit www.worldprivacyforum.org.
- Carnegie Mellon CyLab Usable Privacy and Security Laboratory: Is a division of Carnegie Mellon University's CyLab, one of the largest university-based cybersecurity research and education centers in the country. The division brings together researchers working on a diverse set of projects related to understanding and improving the usability of privacy and security software and systems. For more information visit http://cups.cs.cmu.edu.

On the other hand, if the amount to be paid to each class member with a valid claim would be less than $10, the Settlement Agreement may be revised.

In addition, LinkedIn has agreed to use "salting" and "hashing," or equivalent or greater forms of data security, for at least 5 years. Additional information about the settlement can be found in Section 22 of this document and in the Settlement Agreement located in the "Court Documents" Section of the settlement website.

## HOW TO GET BENEFITS

### 7. How do I get benefits?

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a truthful Claim Form by **[Claims Deadline]**.  To submit a Claim Form online, go to [www.website.com]. To request a paper copy, call toll-free [1-800-000-0000].

### 8. When will I get my payment?

If you have submitted a valid and approved claim, you should receive a check or a direct deposit into a bank account from the settlement administrator within approximately 30-60 days after the settlement has been finally approved and/or after any appeals have been resolved in favor of the settlement.  The hearing to consider the fairness of the settlement is scheduled for [**Final Approval Hearing Date**].  All checks will expire and become void 90 days after they are issued.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

Yes, the Court has appointed attorneys Jay Edelson, Rafey S. Balabanian, Ari J. Scharg, and J. Dominick Larry of Edelson PC as lead class counsel, and Laurence King, Linda Fong, and David Straite of Kaplan Fox & Kilsheimer LLP as liaison counsel to represent you and other Class Members. These attorneys are called "Class Counsel." Class Counsel can be reached by calling 1-866-354-3015.  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses of up to one-third (1/3) of the Settlement Fund.  The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel. The Court may award less than the amount requested.

Class Counsel will request a service award (also known as an "incentive" award) for the Class Representative of up to $7,500 for her services as class representative and her efforts in bringing the Action.  The Court will make the final decision as to the amount to be paid to the Class Representative. The Court may award less than the amount requested.

Class Counsel will file with the Court and post on the settlement website their request for attorneys' fees and expenses and request for an incentive award to the Class Representative two weeks before the objection deadline of [**date 2 weeks before objection deadline**].

## YOUR RIGHTS AND OPTIONS

| **11. What happens if I do nothing at all?** |
| --- |

If you do nothing, you will receive no payment under the settlement, you will be in the Class, and, if the Court approves the settlement, you will also be bound by all orders and judgments of the Court. Also, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this settlement.

| **12. What happens if I ask to be excluded?** |
| --- |

If you exclude yourself from the settlement, you can't claim any money or receive any benefits as a result of the settlement. You will keep your right to start your own lawsuit against Defendant for the same legal claims made in this lawsuit. You will not be legally bound by the Court's judgments related to the Settlement Class and Defendant in this class action.

| **13. How do I ask to be excluded?** |
| --- |

You can ask to be excluded from the settlement. To do so, you must send a letter stating that you want to be excluded from the settlement in *In re LinkedIn User Privacy Litigation*, Case No. 12-cv-03088-EJD. Your letter must also include your name, address, email, the phone number, and your signature. You must mail your exclusion request no later than **[objection / exclusion deadline]**, to:

LinkedIn Privacy Settlement Administrator
[PO Box 0000]
[City, ST 00000-0000]

You cannot exclude yourself by phone or email.

| **14. If I don't exclude myself, can I sue the Defendant for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement Agreement.

| **15. If I exclude myself, can I get anything from this settlement?** |
| --- |

No.  If you exclude yourself, do not submit a Claim Form to ask for a payment.

| **16. How do I tell the Court I do not like the settlement?** |
| --- |

If you do not exclude yourself from the Settlement Class, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. The Court will consider your views. To object, no later than **[objection / exclusion deadline]**, a letter containing your objection to the settlement must be filed in person at any location of the United States District Court for the Northern District of California or postmarked to the Court at:

Class Action Clerk
United States District Court for the Northern District of California

Robert F. Peckham Federal Building
280 South 1st Street
San Jose, CA 95113

The objection must be in writing and include:

(a) the case name *In re LinkedIn User Privacy Litigation*, Case No. 12-cv-03088-EJD;
(b) your name, address, mail address, and contact phone number;
(c) the specific grounds for the objection including citations to legal authority;
(d) all documents or writings that you desire the Court to consider;
(e) the name and contact information of any and all attorneys representing, advising, or assisting you in making the objection; and
(f) your signature.

If, in addition to submitting a written objection to the Settlement, you wish to appear and be heard at the Hearing on the fairness of the Settlement, you or your attorney must say so in your written objection. If you have an attorney, they must file your objection through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

| 17. What's the difference between objecting and excluding myself from the settlement? |
| --- |

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

| 18. When and where will the Court hold a hearing on the fairness of the Settlement? |
| --- |

A hearing has been set for [date] at [time], before the Honorable Edward J. Davila at the United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113 in Courtroom 4, 5th Floor. At the hearing, the Court will hear any objections, and arguments concerning the fairness of the proposed settlement, including the amount requested by Class Counsel for attorneys' fees and expenses and an incentive award to the Class Representative.

**Note:** The date and time of the fairness hearing are subject to change by Court Order, but any changes will be posted at the settlement website, [www.website.com] or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

| 19. Do I have to come to the hearing? |
| --- |

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in Section 16 above, the Court will consider it. You may also pay another lawyer to attend, but you don't have to.

## 20. May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed settlement by asking to speak in your objection by following the instructions in Section 16 above.

## GETTING MORE INFORMATION

## 21. Where can I get additional information?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at [www.website.com], by contacting Class Counsel at 1-866-354-3015, by accessing the Court docket in this case through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**