|     |     |
| --- | --- |
| 1   |     |
| 2   | **IN THE UNITED STATES DISTRICT COURT** |
| 3   | **FOR THE NORTHERN DISTRICT OF CALIFORNIA** |
|     | **SAN JOSE DIVISION** |

IN RE LINKEDIN USER PRIVACY LITIGATION

Case No. 12-cv-03088-EJD

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND APPROVING NOTICE PLAN

Judge: Hon. Edward J. Davila
Action Filed: June 15, 2012

WHEREAS, a consolidated class action is pending before the Court entitled *In re LinkedIn User Privacy Litigation*, Case No. 12-cv-03088-EJD, and

WHEREAS, Plaintiff Khalilah Wright and Defendant LinkedIn Corporation have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant for the claims of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties and the motion of Plaintiff seeking preliminary approval of the Settlement Agreement, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this order shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

<u>Settlement Class Certification</u>

2. A class (the "Settlement Class") is certified for settlement purposes only.

      a.    The Settlement Class is defined to include: "All persons in the United States who paid a fee to LinkedIn for a premium subscription at any time between March 15, 2006 and June 7, 2012."

      b.    The Settlement Class satisfies the requirements for class certification under Fed. R. Civ. P. 23(a). It consists of approximately 800,000 consumers, there are questions of law or fact common to the Settlement Class, Plaintiff's claims are typical of those of the Settlement Class, and Plaintiff will fairly and adequately protect the interests of the Settlement Class.

      c.    In addition, the questions of law or fact common to the Settlement Class predominate over any individual questions, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy. Consequently, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3).

3. The Court hereby appoints Plaintiff Khalilah Wright as class representative.

4. The Court hereby appoints Jay Edelson, Rafey S. Balabanian, Ari J. Scharg, and J. Dominick Larry of Edelson PC as lead class counsel.

5. The Court hereby appoints Laurence King, Linda Fong, and David Straite of Kaplan Fox & Kilsheimer LLP as liaison class counsel.

Preliminary Approval

6. Plaintiff has moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against Defendant, and the Court having read and considered the Settlement Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 20 of this order.

7. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action, including all members of the Settlement Class.

8. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Class as to their claims against Defendant. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides beneficial relief to the Class. The Court also finds that the Settlement Agreement (a) is the result of serious, informed, non-collusive arms' length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance of John B. Bates, Jr. of JAMS; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendant.

<u>Notice and Administration</u>

9. Kurtzman Carson Consultants LLC ("KCC") is hereby appointed as Settlement Administrator and shall perform all the duties of the Settlement Administrator as set forth in the Agreement and this order.

10. The Court finds that the notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits B and C thereto (the "Notice Plan") is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Plan is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

11. The Court thus hereby approves the Notice Plan, including the proposed notice documents attached as Exhibits B and C to the Settlement Agreement. The Court also approves the plan for claims administration, including the claim form attached as Exhibit A to the Settlement Agreement. The Parties may, by agreement, revise the notice or claim-form documents in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

3

12. Pursuant to paragraph 4.1 of the Settlement Agreement, the Notice Plan shall be implemented as follows: Within twenty-eight (28) days following the entry of this order (the "Notice Date"), the Settlement Administrator or LinkedIn shall provide direct notice with an accompanying Claim Form by email. If the Settlement Administrator is to provide the direct notice via email, LinkedIn shall provide the Settlement Administrator with all information about the Settlement Class members from LinkedIn's records that is necessary for the Settlement Administrator to send notice and administer the Settlement. The Settlement Administrator or LinkedIn shall, starting no later than the start of the dissemination of direct notice via email to the Settlement Class, post notice of this settlement on the settlement website. In addition, fourteen (14) days prior to the Objection/Exclusion Deadline set below, the Settlement Administrator or LinkedIn will disseminate another copy of the email notice, adding to the subject line of the email "FINAL NOTICE." The Court finds that Defendant has complied with the requirements of 28 U.S.C. § 1715 and served notice of the proposed Settlement Agreement upon the appropriate government officials within (10) days after the Agreement was filed with the Court.

13. Members of the Settlement Class who wish to receive a payment under the Settlement Agreement must complete and submit a valid Claim Form. All Claim Forms must be postmarked or received by the Settlement Administrator on or before sixty-five (65) days after the Notice Date.

Exclusion

14. Settlement Class members who wish to exclude themselves from the Settlement Class for purposes of this settlement may do so by submitting a request for exclusion to the Settlement Administrator on or before April 13, 2015 (the "Objection/Exclusion Deadline"). The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and include the member's name, address, email address, phone number, signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this settlement. A request for exclusion may not request exclusion of more than one member of the Settlement Class.

15. Any member of the Settlement Class who timely requests exclusion consistent with these procedures shall not (i) be bound by a final judgment approving the settlement; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement. However, Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

<u>Objections</u>

16. Any member of the Settlement Class who has not timely filed a request for exclusion may object to the granting of final approval to the settlement. Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

17. Any objection must be in writing, must be personally signed by the objector, and must include: (1) the objector's name, address, email address, and contact phone number; (2) an explanation of the basis upon which the objector claims to be a member of the Settlement Class; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

18. All objections and any papers submitted in support of such objections must be submitted to the Court on or before the Objection/Exclusion Deadline either by mailing them to the Class Action Clerk, or by filing them in person at any location of the United States District Court for the Northern District of California, except that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

19. Any member of the Settlement Class who fails to file and serve a timely written objection in compliance with the requirements of this order and the Settlement Agreement shall be

deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the settlement.

Fairness Hearing

20. A fairness hearing (the "Final Approval Hearing" or "Fairness Hearing") shall be held before this Court on June 18, 2015 at 09:00 A.M. in Courtroom 4 on the 5th Floor of the Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113 to consider: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; (c) whether to award payment of attorneys' fees and expenses to Class Counsel and in what amount; and (d) whether to award payment of an incentive award to the Class Representative and in what amount. The Court may adjourn the Fairness Hearing without further notice to Class Members.

21. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the Court and posted to the settlement website.

22. Papers in support of final approval of the Settlement Agreement shall be filed with the Court on or before May 14, 2015.

Further Matters

23. In order to protect its jurisdiction to consider the fairness of the Settlement Agreement and to enter a final order and judgment having binding effect on all class members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address rights or claims of any Released Party or Settlement Class Member relating to, or arising out of, any of the Released Claims.

24. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

25. All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

26. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement, then (a) the Settlement Agreement, this Preliminary Approval Order, and the Final Judgment (if applicable) (including but not limited to the certification of the Class, the appointment of Plaintiff Khalilah Wright as class representative, and the appointment of Class Counsel) shall be vacated and shall be null and void, shall have no further force and effect with respect to any Party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (b) this action will revert to the status that existed before the Settlement Agreement's execution date; (c)(i) no term or draft of the Settlement Agreement, (ii) nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), (iii) nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Judgment), will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding.

IT IS SO ORDERED.

DATED: January 29, 2015

                                            THE HONORABLE EDWARD J. DAVILA

                                            UNITED STATES DISTRICT COURT JUDGE