February 27, 2015

FILED

Class Action Clerk
United States District Court for the Northern District of California
Robert F. Peckham Federal Building
280 South 1st Street San Jose, CA 95113

*Re: LinkedIn User Privacy Litigation, Case No. 12-cv-03088-EJD*

As a class member, I object to the settlement in case number 12-cv-03088-EJD. The proposed settlement, as I understand it, provides for $50 to each of those class members who proactively opt to make a claim from the $1,250,000 settlement fund. The remainder of the funds would be distributed to three privacy advocacy groups.

My concern is not that LinkedIn is not culpable in breaching best practices for securing my login and password information, but that this class settlement – like all too many – is structured to primarily and disproportionately benefit the attorneys that brought the suit and the advocacy groups who likely compelled them. The millions of LinkedIn members, including many like me who pay for LinkedIn's upgraded services, are the least compensated from all the parties associated with the case.

I also feel that this settlement will indemnify LinkedIn against future legal actions regarding this massive, extended breach of privacy. The payment structure of the settlement also is much lower compared with the number of customers impacted than those agreed to in similar cases such as:

- In January 2006, ChoicePoint, Inc. agreed to pay $15-million to settle Federal Trade Commission charges that the data warehouse's security and record-handling procedures violated consumers' privacy rights, affecting over 163,000 customers at an average of $92 per security breach.
- In October 2003, Victoria's Secret, a division of Limited Brands, paid a $50,000 settlement to the State of New York for a breach of privacy on their website between August and November 2002, revealing the name, addresses, and orders of 560 customers at an average of $90 per security breach.

There is a reason why average people are cynical about class action suits and why others promote imperfect remedies like tort reform – they see suits with negotiated settlements like these that are constructed to compensate attorneys and advocacy groups more than the actual injured parties. Indeed, as class action members we become further victims to a predatory tort process that is not meant to truly compensate us.

Therefore, I object to the settlement on the grounds that the structure of the compensations is meant to primarily benefit individuals or groups associated with the lawsuit itself and not the actual injured parties; and that the amount of the fund is not in line with other similar compensations. Indeed, I would much rather have my LinkedIn Premium fees waived for a year.

Sincerely,

David D. Ferreira